STATE OF CONNECTICUT *v.* CARMEN COLON
(3910)

DUPONT, C. J., HULL and SPALLONE, Js.

Argued June 3—decision released July 8, 1986

*Edward N. Lerner,* for the appellant (defendant).

*Jeffrey L. Kline,* special assistant state's attorney, with whom, on the brief, was *James G. Clark,* deputy assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant is appealing from the judgment rendered after her conviction, by a jury, of the crimes of possession of cocaine with intent to sell in violation of General Statutes § 21a-279 (a), and possession of drug paraphernalia in a drug factory situation in violation of General Statutes § 21a-277 (c). The defendant claims that she was denied effective assistance of counsel and that the trial court abused its discretion when it failed to entertain the defendant's motion for a new trial.

We will not review the defendant's claim of ineffective assistance of counsel. Our Supreme Court has emphasized the fact that habeas corpus proceedings rather than direct appeals are best suited to test the performance of counsel. That court stated that "[i]t is preferable that all of the claims of ineffective assistance [of counsel], those arguably supported by the record, as well as others requiring an evidentiary hearing, be evaluated by the same trier in the same proceeding." *State* v. *Leecan,* 198 Conn. 517, 541, 504 A.2d 480, cert. denied, 476 U.S. 1184, 106 S. Ct. 2922, 91 L. Ed. 2d 550 (1986).

In *State* v. *Aspinall,* 6 Conn. App. 546, 554–55, 506 A.2d 1063 (1986), we stated that "[w]hen confronted with a claim of ineffective assistance of counsel, we are placed in a position where we are viewing the performance of trial counsel after the fact with limited hindsight. We are further hindered because, generally, the record on appeal is devoid of objective factual evidence by which we can measure and evaluate the performance of counsel. Trial counsel's motivation and reasoning governing his or her acts are highly subjective and are not readily ascertainable by us in the absence of a trial court hearing where the facts and circumstances of the case may be focused upon and illuminated. What may facially appear to us as a dereliction by counsel might in the context of the trial be a proper or purposeful tactic." A defendant's ineffective assistance claim should be resolved as a totality after an evidentiary hearing in the trial court, and not in piecemeal fashion on appeal. *State* v. *Leecan,* supra, 542.

The defendant's second claim of error, that the court abused its discretion in not entertaining her motion for a new trial based on ineffective assistance of counsel, is without merit. The motion was not timely filed. Practice Book § 903 provides that "[u]nless otherwise permitted by the judicial authority in the interests of justice, a motion for a new trial shall be made *within five days* after a verdict or finding of guilty or within any further time the judicial authority allows during the five-day period." (Emphasis added.) The defendant's motion was not filed within the time specified. Even if the motion had been filed timely or if the court had decided that in the interests of justice such a motion should have been heard, the granting of a motion for a new trial is wholly discretionary. *State* v. *Asherman,* 193 Conn. 695, 735, 478 A.2d 227 (1984), cert. denied, 470 U.S. 1050, 105 S. Ct. 1749, 84 L. Ed. 2d 814 (1985). The court's ruling on a motion for a new trial should stand unless it is shown that the court abused its dis-

cretion. *Kubeck* v. *Foremost Foods Co.,* 190 Conn. 667, 669–70, 461 A.2d 1380 (1983). Here, the defendant has failed to demonstrate such abuse.

There is no error.