## STATE OF CONNECTICUT *v.* WILLIAM PAGAN
## (AC 22048)

West, Landau and McDonald, Js.

Argued September 25, 2002—officially released March 11, 2003

*William Pagan*, pro se, the appellant (defendant), filed a brief.[1]

*Marjorie Allen Dauster*, senior assistant state's attorney, with whom, on the brief, were *Mary M. Galvin*, state's attorney, and *Kevin Doyle*, assistant state's attorney, for the appellee (state).

*Opinion*

LANDAU, J. This appeal arises from the judgment rendered when the trial court denied the motion to correct an illegal sentence filed by the pro se defendant, William Pagan.[2] The basis of the defendant's motion to correct is the representation made by the prosecutor at sentencing as to the amount of heroin in the defendant's possession, which the defendant claims was inaccurate. On appeal, the defendant claims that (1) the court violated his state and federal constitutional rights to due process by denying his motion to correct an illegal sentence and (2) the prosecutor was guilty of misconduct by misinforming the court of the amount of heroin in the defendant's possession. Because the prosecutor's representation regarding the amount of heroin in the defendant's possession was irrelevant to the charge to which the defendant pleaded guilty, we affirm the judgment of conviction.[3]

---

[1] The defendant did not appear for oral argument. Consequently, only the state presented oral argument.

[2] William Pagan is an apparent alias, as the defendant's legal name is Jose Rosario.

[3] In resolving the defendant's claims in this manner, we do not imply that the prosecutor's representation to the court was incorrect.

The following facts are relevant to the defendant's appeal. In November, 1999, the defendant was arrested subsequent to the execution of a search warrant for his residence at 125 Second Avenue in West Haven. The police seized drug paraphernalia, more than $12,000 in cash and a large quantity of heroin, cocaine and phencyclidine (PCP). In his statement to the police, the defendant admitted that the narcotics belonged to him and that the cash was from the sale of narcotics. The defendant initially was charged with three counts of possession of narcotics in violation of General Statutes § 21a-279 (a), three counts of sale of illegal drugs in violation of General Statutes § 21a-278 (a) and one count of use of drug paraphernalia in violation of General Statutes § 21a-267 (a).

On March 15, 2000, the defendant pleaded guilty, pursuant to the *Alford* doctrine,[4] to a substituted information[5] charging him with possession with intent to sell more than one ounce of heroin in violation of § 21a-

[4] *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). "A defendant who pleads guilty under the *Alford* doctrine does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea." (Internal quotation marks omitted.) *State* v. *Webb*, 62 Conn. App. 805, 807 n.1, 772 A.2d 690 (2001).

The defendant elected to plead under the *Alford* doctrine in return for a recommended sentence of eighteen years in prison, with a mandatory term of five years, rather than the maximum twenty years in prison that he faced if convicted of the crimes alleged in the initial information. The state also agreed to nolle certain other charges that were pending against him in return for the plea. The sentences to be imposed on the defendant for his prior arrests were to be served concurrently with the sentence imposed in this case. The defendant also had pending criminal matters in New York that, of course, were not part his plea bargain.

[5] The substituted information alleged in relevant part: "Assistant State's Attorney . . . accuses [the defendant] of possession with intent to distribute greater than one ounce of Heroin and charges that at the Town or City of West Haven on or about the 6th day of November 1999, in the early morning hours at 125 Second Avenue, the said [defendant] did possess, with intent to sell to another person, approximately 2 pounds of Heroin in violation of Connecticut General Statutes [section] 21a-278 (b)."

278 (b).[6] During the course of the defendant's plea proceeding, the prosecutor articulated the factual basis for the charges against the defendant, specifically stating that the officers who executed the search warrant found approximately two pounds of heroin in small cylinders in the premises.

The court canvassed the defendant and found that he was making his plea willingly, voluntarily and knowingly, and that he was represented by counsel. The court's canvass of the defendant included the following inquiry:

"The Court: And are you also pleading under the *Alford* doctrine because you recognize that the sentence you are about to receive, eighteen with the nonsuspendable five, the minimum mandatory, is a lesser sentence than you could receive because the maximum sentence is twenty years? Do you understand that, sir, as well?

"Defendant: Yes."

The court also found the defendant guilty of having violated § 21a-278 (b) and ordered a presentencing investigation. The court sentenced the defendant to eighteen years in prison, five years of the sentence were mandatory. The defendant filed a motion to correct his sentence pursuant to Practice Book § 43-22. The court

---

[6] General Statutes § 21a-278 (b) provides in relevant part: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any narcotic substance, hallucinogenic substance other than marijuana, amphetamine-type substance, or one kilogram or more of a cannabis-type substance except as authorized in this chapter, and who is not at the time of such action a drug-dependent person, for a first offense shall be imprisoned not less than five years nor more than twenty years; and for each subsequent offense shall be imprisoned not less than ten years nor more than twenty-five years. The execution of the mandatory minimum sentence imposed by the provisions of this subsection shall not be suspended . . . ."

denied the defendant's motion to correct and his motion for reconsideration. The defendant appealed.

I

The defendant's first claim is that the court improperly denied his motion to correct an illegal sentence and, in doing so, violated his right to due process pursuant to article first, § 8, of the constitution of Connecticut and the fourteenth amendment to the United States constitution. We disagree.

In his motion and on appeal, the defendant claims that the court relied on inaccurate information at sentencing, specifically the amount of heroin in his possession at the time the search warrant was executed. At sentencing, the prosecutor represented to the court that with the defendant's arrest, $3 million worth of pure heroin was removed from the streets. The defendant's counsel took issue with the amount of narcotics involved, stating to the court: "To my understanding, the amount of narcotics in this particular case was only about 200 grams, not that I am trying to say that that quantity of narcotic is not a considerable amount of narcotics, but it certainly is not anywhere near $3 million worth of narcotics. . . . I am not saying that it is not a serious matter because it was 200 grams, not $3 million. I think the record should be clear for whatever future position [the defendant] has with parole, but that is what the case was."[7]

---

[7] In addressing the court, defense counsel also made the following observations. "The defendant had two prior felony convictions in New York State. He was on parole in New York State. He has an open A1 felony in New York State and he had a case in New Haven. He had this particular case, and they indicted him on a false representation case; also, that is before the court. I think we also negotiated that. Under the circumstances, I also have been able to work out a plea on the New York case; that he will receive concurrent time on the New York, Bronx, matter with the Connecticut sentence. I have not been able to work out anything with regard to the parole violation because that will be taken up with parole when he gets to the division of parole, since it is impossible at this time to do it. Under those circumstances, those are a very long sentence. To my thinking, and

The court responded to defense counsel as follows: "And in the presentencing investigation, it is recited that, 'Located during the search was $12,310 in United States dollars, 988 grams of a white powdery substance, field tested positive for heroin, thirty-eight grams white powder tested positive [for] cocaine and fourteen grams of white powdery substance, PCP.'" Defense counsel responded that the presentencing report the defendant received indicated that only 200 grams of heroin were found.[8] The court sentenced the defendant to eighteen years in prison, five of which were mandatory.

The court denied the defendant's motion to correct an illegal sentence and subsequent motion for reconsideration. When articulating its reasoning, the court cited the language of the statute the defendant was charged with violating, i.e., § 21a-278 (b), which provides in relevant part that "[a]ny person who . . . possesses with the intent to sell or dispense . . . any narcotic substance . . . ." The court noted that the quantity of narcotics is not an issue in the statute. Furthermore, the court found that the substituted information alleged, at the time of the defendant's guilty plea, that the defendant was accused of possession with intent to distribute

I don't want to put myself in the position of the prosecutor, it was my analysis that it was the best that we can do. It is a sentence that gives him latitude to try to get out in time of maybe eight years or maybe half of whatever time parole here decides. He has approximately that much time in a—looking at that much time in New York to run concurrent with this time. So, under those circumstances, I recommend that [the defendant] take this particular sentence. I saw no real vital defense on the search warrant. There were bail-jumping charges that could have been placed in this particular case. There were bail jumping charges that were potentially open in the Bronx. What happened was that [the defendant] hit the end of the line and it ended here. It is a harsh sentence, but that is just the way it is."

[8] The presentencing investigation report includes the final report from the scientific services toxicology division of the department of public safety. Page nine of the final report, which is included in the appendix to the defendant's brief, contains the following summary: "Total weight of powder containing heroin . . . 902.331 grams = 1 lb., 15.82 ounces. . . . Total weight of Heroin as Free base in items . . . 47.49 grams = 1.67 ounces."

greater than one ounce of heroin. Also, the toxicology report of February 9, 2000, concluded that the weight of the heroin was 47.49 grams, equaling 1.67 ounces. The court concluded that no evidentiary hearing was required.

We review claims that the court improperly denied the defendant's motion to correct an illegal sentence under an abuse of discretion standard. See *State* v. *Henderson*, 8 Conn. App. 342, 344–45, 512 A.2d 974, cert. denied, 201 Conn. 813, 517 A.2d 631 (1986), cert. denied, 479 U.S. 1092, 107 S. Ct. 1304, 94 L. Ed. 2d 159 (1987). "The jurisdiction of the sentencing court terminates when the sentence is put into effect, and that court may no longer take any action affecting the sentence unless it has been expressly authorized to act." *State* v. *Tuszynski*, 23 Conn. App. 201, 206, 579 A.2d 1100 (1990). "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner." Practice Book § 43-22. "An illegal sentence is essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory." (Internal quotation marks omitted.) *State* v. *Constantopolous*, 68 Conn. App. 879, 882, 793 A.2d 278, cert. denied, 260 Conn. 927, 798 A.2d 971 (2002).

"We recognize the principle that a sentence imposed within statutory limits is generally not subject to review. . . . A judgment of conviction must conform to the crime with which the defendant was charged, and the sentence imposed must conform to that crime." (Citation omitted; internal quotation marks omitted.) *State* v. *Mollo*, 63 Conn. App. 487, 490, 776 A.2d 1176, cert. denied, 257 Conn. 904, 777 A.2d 194 (2001). "Sentences imposed in an illegal manner have been defined as being within the relevant statutory limits but . . . imposed

in a way which violates [the] defendant's right . . . to be addressed personally at sentencing and to speak in mitigation of punishment . . . or *his right to be sentenced by a judge relying on accurate information* or considerations solely in the record, or his right that the government keep its plea agreement promises . . . . 8A J. Moore, [Federal Practice (2d Ed. 1984) para. 35.03 [2], pp. 35-36 through 35-37]." (Emphasis added; internal quotation marks omitted.) *State* v. *McNellis*, 15 Conn. App. 416, 444, 546 A.2d 292, cert. denied, 209 Conn. 809, 548 A.2d 441 (1988).[9]

On the basis of our review of the record, we conclude that the defendant was not illegally sentenced. There was no trial, the defendant pleaded guilty to possession with intent to sell more than one ounce of heroin under the *Alford* doctrine. The prosecutor's comments were not evidence, and the state was not required to prove anything in view of the defendant's guilty plea.

The amount of heroin in the defendant's possession was irrelevant and immaterial to his sentence. Defense counsel conceded that the defendant was in possession of more than 200 grams heroin. The defendant was charged under § 21a-278 (b), which provides in relevant part that "[a]ny person who . . . possesses with the intent to sell . . . any narcotic substance . . . for a first offense shall be imprisoned not less than five years

---

[9] During oral argument, the assistant state's attorney brought to this panel's attention, the case of *State* v. *Francis*, 69 Conn. App. 378, 793 A.2d 1224, cert. denied, 260 Conn. 935, 802 A.2d 88, cert. denied, 537 U.S. 1056, 123 S. Ct. 630, 154 L. Ed. 2d 536 (2002). In *Francis*, the panel held that the trial court lacked jurisdiction to consider the defendant's claim under Practice Book § 43-22 where the motion to correct the illegal sentence did not attack the validity of the sentence as exceeding the maximum statutory limits, did not violate a mandatory minimum sentence, did not violate double jeopardy rights and was neither ambiguous nor internally contradictory. Id., 384. The holding in *Francis* is not consistent with *State* v. *McNellis*, supra, 15 Conn. 444. *McNellis* has not been overruled by an en banc panel of this court or by our Supreme Court.

nor more than twenty years . . . ." General Statutes § 21a-278 (b). "Only the essential elements of the crime charged need be proved by the state. Therefore, any allegations in the information [that are] not essential to prove the elements of the crime charged need not be proved. Only the essential elements need be proved, and any allegations, any information that is not essential to that does not have to be proved." (Internal quotation marks omitted.) *State* v. *Torres*, 24 Conn. App. 316, 321, 588 A.2d 232, cert. denied, 218 Conn. 911, 591 A.2d 813 (1991). There is no dispute that the defendant was in possession of heroin with intent to sell. He was sentenced to eighteen years in prison, which is a sentence within the parameters of the statute. The court, therefore, did not abuse its discretion in denying the defendant's motion to correct an illegal sentence.

## II

The defendant's second claim is that the prosecutor was guilty of misconduct by misrepresenting the amount of heroin in the defendant's possession. We disagree.

The defendant claims that the prosecutor misrepresented to the court that at the time of the arrest, the defendant was in possession of two pounds of heroin valued at approximately $3 million. As we concluded in part I, the amount of heroin and its value were not relevant to the sentence imposed by the court.

It is well known that appellate courts do not make findings of fact. See *State* v. *Webb*, 238 Conn. 389, 535, 680 A.2d 147 (1996). Appellate courts, however, review the whole record and do not overlook material contained in the trial court's file or the appendix to the defendant's brief. We may take judicial notice of the contents of the court's file. See *State* v. *Gaines*, 257 Conn. 695, 705 n.7, 778 A.2d 919 (2001). Here, the court file contains page nine of the final report from the

scientific services toxicology division, which also is in the appendix to the defendant's brief. See footnote 7.

The judgment is affirmed.[10]

In this opinion the other judges concurred.

---

[10] In his reply brief, the defendant claims that he was illegally sentenced because he is drug-dependent. That claim was not raised in the trial court and, therefore, we will not afford it review. See *Baker* v. *Cordisco*, 37 Conn. App. 515, 522, 657 A.2d 230, cert. denied, 234 Conn. 907, 659 A.2d 1207 (1995). Even if the defendant had requested review pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), which he did not, his claim would fail because the record is inadequate for our review. See *State* v. *Feliciano*, 74 Conn. App. 391, 401–402, 812 A.2d 141 (2002), cert. denied, 262 Conn. 952, 817 A.2d 110 (2003).