STATE OF CONNECTICUT *v.* TARRANCE LAWRENCE*
(AC 24716)

Dranginis, McLachlan and Dupont, Js.

* Reconsidered en banc; superseded. *State* v. *Lawrence*, 91 Conn. App. 765, 882 A.2d 689 (2005).

Argued September 21, 2004—officially released January 11, 2005

*Donald D. Dakers,* special public defender, for the appellant (defendant).

*Michele C. Lukban,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *John M. Waddock,* supervisory assistant state's attorney, for the appellee (state).

*Opinion*

DUPONT, J. The primary issue in this appeal is whether the trial court properly rendered judgment dismissing the motion to correct an illegal sentence[1] that was filed by the defendant, Tarrance Lawrence. The court concluded that it lacked jurisdiction to consider the motion. We hold that the court had jurisdiction to consider the claim, but that, as a matter of law, the sentence was not illegal. We therefore reverse the judgment, remand the case and direct the court to render judgment denying the motion.

The defendant was charged with one count each of murder, carrying a pistol without a permit and tampering with physical evidence in violation of General Statutes §§ 53a-54a (a), 29-35 and 53a-155 (a) (1), respectively. The murder charge alleged that the defendant caused death by use of a firearm. The defendant invoked the affirmative defense of extreme emotional disturbance to the murder charge. The jury found the defendant guilty of carrying a pistol without a permit and tampering with physical evidence and not guilty by reason of extreme emotional disturbance as to the murder charge. The jury also found the defendant guilty of manslaughter in the first degree with a firearm under General Statutes § 53a-55a. In accord with the instructions to the jury, as requested by the defendant's coun-

---

[1] Practice Book § 43-22, titled, "Correction of Illegal Sentence," provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

sel, the jury, after finding the defendant not guilty of murder because of extreme emotional disturbance, considered whether he was guilty of manslaughter in the first degree with a firearm. The court sentenced the defendant to thirty-five years incarceration on the latter offense. He received concurrent sentences on the other two charges. The defendant appealed on grounds unrelated to the present claim of an illegal sentence, and this court affirmed the judgment. *State* v. *Lawrence*, 67 Conn. App. 284, 786 A.2d 1227 (2001), cert. denied, 259 Conn. 919, 791 A.2d 567 (2002). Subsequently, the defendant filed the motion to correct an illegal sentence that is the subject of this appeal.

This case presents an issue of first impression. The question is whether Practice Book § 43-22 is an appropriate device to challenge the propriety of a sentence that is imposed pursuant to a statute under which the defendant argues he could not, as a matter of law, have been convicted.[2] The defendant claims that his sentence was illegal because it exceeded the maximum statutory limit of twenty years for the crime of manslaughter in the first degree, as provided in General Statutes § 53a-35a (5), which he claims is the crime for which he should have been sentenced. He argues that it was the only crime for which he could have been found guilty after he was found not guilty of murder by reason of extreme emotional disturbance, as provided in § 53a-54a. There is no dispute that this issue was not raised at trial, that it could have been raised as an unpreserved constitutional issue or as plain error on direct appeal and that it was not. There also is no dispute that the sentence the defendant received facially matched that permitted for the crime for which he was convicted,

---

[2] We disagree with the dissent's claim that the defendant impermissibly is challenging his conviction. For the reasons we discuss, we hold that the defendant's use of Practice Book § 43-22 to challenge the legality of his sentence was permissible, although unavailing.

namely, manslaughter in the first degree with a firearm, or that his counsel requested the very jury instruction that the court gave as to that crime. The determination of whether a sentence is legal is a question of law. *State v. Barksdale*, 79 Conn. App. 126, 138, 829 A.2d 911 (2003). Furthermore, such a claim may be raised for the first time on direct appeal; id., 139; or by way of a motion to correct an illegal sentence. *Cobham v. Commissioner of Correction*, 258 Conn. 30, 38, 779 A.2d 80 (2001).

We begin with a brief review of this court's and the Supreme Court's interpretation and application of Practice Book § 43-22. In *State v. McNellis*, 15 Conn. App. 416, 443–44, 546 A.2d 292, cert. denied, 209 Conn. 809, 548 A.2d 441 (1988), this court defined an illegal sentence as "essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory." A sentence imposed in an illegal manner is one "within the relevant statutory limits but . . . imposed in a way which violates [the] defendant's right . . . to be addressed personally at sentencing and to speak in mitigation of punishment . . . or his right to be sentenced by a judge relying on accurate information or considerations solely in the record, or his right that the government keep its plea agreement promises . . . ." (Internal quotation marks omitted.) Id., 444.

The Supreme Court recently addressed the scope of Practice Book § 43-22 in *Cobham v. Commissioner of Correction*, supra, 258 Conn. 30. In *Cobham*, the petitioner appealed from the judgment of the habeas court dismissing his petition for a writ of habeas corpus in which he claimed that the sentence imposed was illegal. Id., 31. As in this case, the petitioner in *Cobham* neither objected to the sentence at trial nor raised the issue on direct appeal. Id., 39. Affirming the judgment of the habeas court, the Supreme Court held that the habeas

court properly dismissed the petition because the petitioner had brought the petition for a writ of habeas corpus prematurely. Id., 31. In order for the petitioner to challenge the legality of the sentence imposed by the trial court, the Supreme Court held, he first had to appeal directly from the sentence or file a motion in the trial court to correct an illegal sentence under Practice Book § 43-22. *Cobham* v. *Commissioner of Correction,* supra, 31–32. The Supreme Court, quoting *McNellis,* held that Practice Book § 43-22 provides the trial court with express authority to retain jurisdiction after a defendant's sentence has begun and may take action as to the sentence.[3] *Cobham* v. *Commissioner of Correction,* supra, 37–38. *Cobham* specifically addressed the scope of Practice Book § 43-22, stating that "a defendant may challenge his or her criminal sentence on the ground that it is illegal by raising the issue on direct appeal *or by filing a motion pursuant to [Practice Book] § 43-22 with the judicial authority, namely, the trial court.*" (Emphasis added.) *Cobham* v. *Commissioner of Correction,* supra, 38, citing *Copeland* v. *Warden,* 225 Conn. 46, 47 n.2, 621 A.2d 1311 (1993).

Following *McNellis* and *Cobham,* this court recently stated in *State* v. *Pagan,* 75 Conn. App. 423, 429–30, 816 A.2d 635, cert. denied, 265 Conn. 901, 829 A.2d 420 (2003),[4] that a trial court has jurisdiction to correct a

---

[3] *Cobham* assumes that Practice Book § 43-22 constitutionally grants continuing jurisdiction to the trial court to correct an illegal sentence after the execution of the sentence has begun. We note that there is a difference between conferring original subject matter jurisdiction on a court and providing for continuing jurisdiction in certain unique circumstances.

[4] The court in *State* v. *Pagan,* supra, 75 Conn. App. 430 n.9, recognized that the petition for certification to appeal was denied in *State* v. *McNellis,* 209 Conn. 809, 548 A.2d 441 (1988), and that *State* v. *McNellis,* supra, 15 Conn. App. 416, has not been overruled by the Supreme Court or by an en banc panel of the Appellate Court. It also noted that a previous Appellate Court case determined that the trial court lacked jurisdiction in a similar situation. See *State* v. *Pagan,* supra, 430 n.9, discussing *State* v. *Francis,* 69 Conn. App. 378, 793 A.2d 1224, cert. denied, 260 Conn. 935, 820 A.2d 88, cert. denied, 537 U.S. 1056, 123 S. Ct. 630, 154 L. Ed. 2d 536 (2002).

claimed illegal sentence under Practice Book § 43-22. See also *State* v. *Raucci*, 21 Conn. App. 557, 563, 575 A.2d 234 (recognizing that Practice Book § 935, forerunner of Practice Book § 43-22, provides jurisdiction to trial court to grant or deny motion to correct illegal sentence), cert. denied, 215 Conn. 817, 576 A.2d 546 (1990).

A reason for granting jurisdiction to a trial court to review the issue of a claimed illegal sentence under Practice Book § 43-22 is that it is an expeditious way, if correction is needed, to reconstruct a sentence or to resentence a defendant if the original sentence was illegal. *Cobham* v. *Commissioner of Correction*, supra, 258 Conn. 39. The trial court retains jurisdiction for resentencing, if required, either after a direct appeal has led to a remand or pursuant to a motion to correct an illegal sentence. *State* v. *Raucci*, supra, 21 Conn. App. 563.

The difference between a dismissal of a motion to correct an illegal sentence for lack of jurisdiction and a denial of relief sought is whether the claim could have been considered at all, as opposed to its being denied or granted after a consideration of it on the merits. A dismissal is mandatory if jurisdiction is lacking, whereas denial of the motion requires the court to address the merits of the claim. In this case, our review of recent appellate decisions leads us to conclude that the court did have jurisdiction and, therefore, that the merits of the defendant's claim must be reached.[5]

The most compelling reason for concluding that jurisdiction exists lies in the unanimous opinion of the

---

[5] We subject the defendant's claim to plain error review as a claim affecting a substantial right subject to correction that cannot be forfeited or waived by the defendant, although it was not raised at trial or on direct appeal. A defendant does not waive his right to complain of an illegal jury instruction merely by agreeing to the instruction at trial. *United States* v. *Perez*, 116 F.3d 840, 844–45 (9th Cir. 1997).

Supreme Court in *Cobham* v. *Commissioner,* supra, 258 Conn. 30. The court held that a habeas corpus action is premature and cannot be used to challenge the legality of a sentence unless the sentence previously has been the subject of a direct appeal or a motion to correct an illegal sentence. Id., 39. If we adhere to that holding, as we must, a defendant who did not on direct appeal challenge a sentence as being illegal would have no forum in which to do so because the remedy of a habeas corpus petition would not be available. If, subsequent to a direct appeal, a defendant wanted to challenge for the first time a sentence as being illegal, and a trial court has no jurisdiction to review such a claim pursuant to Practice Book § 43-22, a defendant could never obtain review of that claim. Under the holding in *Cobham,* a defendant would be precluded from raising that claim by way of a petition for a writ of habeas corpus, and a finding of no jurisdiction in the trial court would preclude any other review. Such a defendant would be left without any remedy in the event that his sentence was illegal or "imposed in an illegal manner" or constituted "any other disposition made in an illegal manner."[6] Practice Book § 43-22.

This case presents an issue that is similar to that in a case this court recently decided in which we held that a sentence that failed to conform to the legally operative statute was an illegal sentence. See *State* v.

---

[6] It is assumed in *Cobham* v. *Commissioner of Correction,* supra, 258 Conn. 30, that the petitioner's claim properly constituted a claim of an illegal sentence. It was the petitioner's contention in that case that his sentence was legally and logically impossible because it required him to serve two concurrent sentences while simultaneously requiring him to serve consecutively two mandatory minimum sentences. Id., 37. The contention of the defendant in the present case is similar. He claims that it is logically impossible for him to have been found not guilty of murder by reason of extreme emotional disturbance, yet guilty of manslaughter in the first degree with a firearm. If he were correct, he would have received an illegal sentence of fifteen more years of incarceration.

*Barksdale,* supra, 79 Conn. App. 139. In *Barksdale,* the defendant was convicted of three counts of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1) and received a sentence of twenty years, execution suspended after four years. *State* v. *Barksdale,* supra, 138. The sentences on those counts were to be served concurrently. Id. On appeal, the defendant claimed that he had been sentenced illegally because at the time he committed the crimes, they were class C felonies for which the maximum period of incarceration was ten years. Id. The court noted that in 2002, the legislature amended the relevant statute to change the classification from a class C felony to a class B felony. Id., 138 n.12. The statute as it read prior to the 2002 amendment was the legally operative statute and was the statute in effect at the time the defendant was sentenced. Concluding that the sentence imposed did not conform to the legally operative statute, this court held, pursuant to Practice Book § 43-22, that the defendant had been sentenced illegally. *State* v. *Barksdale,* supra, 138–39.

In this case, although the sentence of thirty-five years incarceration is facially legal for violation of § 53a-55a, manslaughter in the first degree with a firearm, it exceeds the statutory maximum for violation of § 53a-55, manslaughter in the first degree, the only crime for which the defendant claims he should have been sentenced on a finding of not guilty of murder by reason of extreme emotional disturbance, as provided in § 53a-54a. The defendant's claim, therefore, is that he was not sentenced under the legally operative statute. Had he been, the defendant asserts, his sentence would have been subject to a statutory maximum of twenty years incarceration.

We emphasize that in this case, the defendant argues in his motion to correct an illegal sentence that his sentence was illegal, not that his conviction of a crime

was illegal.[7] In essence, the defendant's argument is that his sentence exceeds the maximum allowed under the legally operative statute and is, therefore, illegal, which is one of the grounds cited by the Supreme Court in *Cobham*, for filing such a motion. We are not concerned with the propriety of the defendant's conviction, but with the propriety of his sentence. His basic claim is that he received a sentence of fifteen years more than what he argues was allowable under the applicable statutory framework. This case does not involve an alleged error that occurred during trial or an instructional error in the usual sense. It is the rare case that involves the invocation of Practice Book § 43-22, and we are not, therefore, fearful that if we determine, on the facts of this case, that jurisdiction existed, a deluge of motions to correct illegal sentences will result. We do not foresee an undue interference with the principle of finality of judgments if we conclude, as we do, that the trial court had jurisdiction to consider the defendant's motion to correct.

Our next question is whether the motion of the defendant should have been granted or denied on its merits. It is appropriate to consider, on an appeal from the improper dismissal of a motion to correct, the merits of the granting or denial of a motion to correct an illegal sentence once it is established that jurisdiction existed. See *State* v. *Raucci*, supra, 21 Conn. App. 563. In the event a sentence is deemed by this court to be illegal, the matter would have to be remanded to the trial court for further action, namely, correction of the illegal sentence. In this case, however, we conclude that the sentence was proper and remand the matter with direction to deny the defendant's motion.

---

[7] "[I]n a criminal case, the sentence imposed by the court constitutes the judgment of conviction." *State* v. *Waterman*, 264 Conn. 484, 489 n.6, 825 A.2d 63 (2003).

Our analysis leading to that conclusion depends on a review of the relevant statutes involved in this case. The defendant was charged with murder, a violation of § 53a-54a (a), which provides an exception to a finding of guilt when there is "an affirmative defense that the defendant committed the proscribed act . . . under the influence of extreme emotional disturbance . . . provided nothing contained in this subsection shall constitute a defense to a prosecution for, or preclude a conviction of, manslaughter in the first degree or any other crime."

The jury found the defendant not guilty of murder by reason of extreme emotional disturbance, but guilty of manslaughter in the first degree with a firearm in violation of § 53a-55a (a). The defendant argues that he could have been found guilty only of manslaughter in the first degree. The penalty for manslaughter in the first degree with a firearm may not exceed forty years; General Statutes § 53a-35a (4); whereas the penalty for manslaughter in the first degree may not exceed twenty years. General Statutes § 53a-35a (5).

The defendant's argument ignores the fact that § 53a-54a expressly provides that the affirmative defense of extreme emotional disturbance shall not constitute a defense to or preclude a conviction of manslaughter in the first degree *or any other crime*. In this case, the defendant also was found guilty of carrying a pistol without a permit in violation of § 29-35 and had been charged with the "intent to cause the death of another person . . . by use of a firearm."

The meaning of the statutory language as applied within the context of the facts of this case causes us *to conclude that the defendant's sentencing was not* illegal. The words of the statute involved are the single most important factors in statutory interpretation. See *State* v. *Courchesne*, 262 Conn. 537, 565, 816 A.2d 562

(2003). The statute proscribing manslaughter in the first degree with a firearm provides for guilt if, in the commission of the offense of manslaughter in the first degree, a person "uses, or is armed with . . . a pistol, revolver, shotgun . . . or other firearm. . . ." General Statutes § 53a-55a (a). On the facts of this case, the defendant properly was found guilty under that statute once the jury determined that he had committed the proscribed act, namely, murder with a firearm, under the influence of extreme emotional disturbance. The proscribed act was murder with a firearm rather than murder by some other means. The legislature had the option to provide for a greater penalty for murder involving a firearm committed under the influence of extreme emotional disturbance than for murder not involving a firearm committed under the same condition. The defendant would not have been properly found guilty of the crime of manslaughter in the first degree because he was charged here with murder with the use of a firearm, and § 53a-54a allows a conviction of crimes other than manslaughter in the first degree if his affirmative defense is proven.

The form of the judgment is improper, the judgment dismissing the defendant's motion to correct an illegal sentence is reversed and the case is remanded with direction to render judgment denying the motion.

In this opinion McLACHLAN, J., concurred.

DRANGINIS, J., dissenting. I disagree with the majority that the trial court had jurisdiction, pursuant to a motion to correct an illegal sentence, to consider the claim by the defendant, Tarrance Lawrence, that he was improperly convicted under the wrong statute. I therefore respectfully dissent.

The majority correctly sets forth some of the case law interpreting Practice Book § 43-22, which provides

procedural authority by which a court may correct an illegal sentence. I agree with the majority that it is pursuant to this rule of practice that a defendant may attack the legality of his sentence or the legality of the manner in which the court imposed his sentence. I disagree, however, with the majority's apparent next step—that Practice Book § 43-22 is an appropriate procedural device by which a defendant may attack the substance of his conviction and that this rule of practice confers jurisdiction on the court where none previously existed.

As my view of this case hinges on the question of jurisdiction, a brief explanation of the court's jurisdiction and the sources from which it derives this jurisdiction is required. "Jurisdiction involves the power in a court to hear and determine the cause of action presented to it and its source is the constitutional and statutory provisions by which it is created." *Connecticut State Employees Assn., Inc.* v. *Connecticut Personnel Policy Board*, 165 Conn. 448, 456, 334 A.2d 909 (1973); see *Andrew Ansaldi Co.* v. *Planning & Zoning Commission*, 207 Conn. 67, 73, 540 A.2d 59 (1988) (*Shea, J.*, concurring). "Article fifth, § 1 of the Connecticut constitution proclaims that [t]he powers and jurisdiction of the courts shall be defined by law, and General Statutes § 51-164s provides that [t]he superior court shall be the sole court of original jurisdiction for all causes of action, except such actions over which the courts of probate have original jurisdiction, as provided by statute." (Internal quotation marks omitted.) *State* v. *Carey*, 222 Conn. 299, 305, 610 A.2d 1147 (1992), on appeal after remand, 228 Conn. 487, 636 A.2d 840 (1994). "The Superior Court is a constitutional court of general jurisdiction. . . . In the absence of statutory or constitutional provisions, the limits of its jurisdiction

are delineated by the common law." (Citation omitted.) *State* v. *Luzietti*, 230 Conn. 427, 431, 646 A.2d 85 (1994).[1]

"It is well established that under the common law a trial court has the discretionary power to modify or vacate a criminal judgment before the sentence has been executed. . . . This is so because the court loses jurisdiction over the case when the defendant is committed to the custody of the commissioner of correction and begins serving the sentence." (Citations omitted.) Id., 431–32. There are a limited number of circumstances in which the legislature has conferred on the trial courts "continuing jurisdiction to act on their judgments after the commencement of sentence . . . . See, e.g., General Statutes §§ 53a-29 through 53a-34 (permitting the trial court to modify terms of probation after sentence is imposed); General Statutes § 52-270 (granting jurisdiction to trial court to hear a petition for a new trial after execution of original sentence has commenced); General Statutes § 53a-39 (allowing the trial court to modify sentences of less than three years provided a hearing is held and good cause shown)." (Internal quotation marks omitted.) *State* v. *Boulier*, 49 Conn. App. 702, 705, 716 A.2d 134 (1998).

It also is well established, pursuant to the common law, that the court has continuing jurisdiction to correct an illegal sentence. See, e.g., *Bozza* v. *United States*, 330 U.S. 160, 166, 67 S. Ct. 645, 91 L. Ed. 818 (1947) ("[a]n excessive sentence should be corrected . . . by an appropriate amendment of the invalid sentence by

[1] The majority suggests in footnote 3 of its opinion that there exists a difference between conferring original subject matter jurisdiction on a court and providing for continuing jurisdiction in certain circumstances. That was the precise question our Supreme Court resolved in *Luzietti,* in which it concluded that "the trial court lacks jurisdiction to modify its judgment in the absence of a *legislative or constitutional grant* of continuing jurisdiction." (Emphasis added.) *State* v. *Luzietti,* supra, 230 Conn. 431; see also *State* v. *Jones-Richards,* 271 Conn. 115, 123, 855 A.2d 979 (2004). No such grant of jurisdiction exists here.

the court of original jurisdiction"); *Murphy* v. *Massachusetts*, 177 U.S. 155, 157, 20 S. Ct. 639, 44 L. Ed. 711 (1900) ("in many jurisdictions it has been held that the appellate court has the power, when there has been an erroneous sentence, to remand the case to the trial court for sentence according to law"); *In re Bonner*, 151 U.S. 242, 259–60, 14 S. Ct. 323, 38 L. Ed. 149 (1894) ("[w]here the conviction is correct . . . there does not seem to be any good reason why jurisdiction of the prisoner should not be reassumed by the court that imposed the sentence in order that its defect may be corrected").

That common-law grant of jurisdiction has been codified for the federal courts in rule 35 of the Federal Rules of Criminal Procedure.[2] *Hill* v. *United States*, 368 U.S. 424, 430 n.8, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). That grant of jurisdiction is recognized and the procedure by which it may be invoked is regulated in Connecticut by Practice Book § 43-22.[3] See *State* v. *Daniels*, 207 Conn. 374, 387, 542 A.2d 306, after remand for articulation, 209 Conn. 225, 550 A.2d 885 (1988), cert. denied, 489 U.S. 1069, 109 S. Ct. 1349, 103 L. Ed. 2d 817 (1989). I stress, however, that the rule of practice merely regu-

---

[2] Connecticut law most closely resembles the version of rule 35 (a) of the Federal Rules of Criminal Procedure that was in existence between 1966 and 1984. That rule provided: "Correction of sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." Fed. R. Crim. P. 35 (a) (1984). That rule was amended in 1984 to limit to seven days the time in which a federal court may refashion a sentence, and the court may do so only when there is arithmetical, technical or other clear error. Any other sentence that might have been considered illegal and reparable under the previous rule may be remedied only through a direct appeal or a collateral attack. See National Institute for Trial Advocacy, commentary on rule 35 of the Federal Rules of Criminal Procedure (2004).

[3] Unlike the federal rules, which have been amended pursuant to congressional action; see *United States* v. *Cook*, 890 F.2d 672, 674–75 (4th Cir. 1989); our rules of practice are promulgated by the Superior Court of this state and, as such, cannot abridge, enlarge or modify any substantive right. General Statutes § 51-14 (a).

lates the procedure by which the court's jurisdiction may be invoked; it does not and cannot confer jurisdiction on the court to consider matters otherwise outside the court's jurisdiction. "Practice Book rules do not ordinarily define subject matter jurisdiction. General Statutes § 51-14 (a) authorizes the judges of the Superior Court to promulgate rules regulating pleading, practice and procedure in judicial proceedings . . . . *Such rules shall not abridge, enlarge or modify any substantive right nor the jurisdiction of any of the courts.*" (Emphasis added; internal quotation marks omitted.) *State* v. *Carey*, supra, 222 Conn. 307. For the court to have jurisdiction to consider the defendant's claim of an illegal sentence, the claim must fall into the same categories as those claims that, under the common law, the court had jurisdiction to review.

As noted by the majority, Connecticut has recognized two types of circumstances in which the court has jurisdiction to review a claimed illegal sentence. The first of those is when the sentence itself is illegal, when the sentence "either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory." *State* v. *McNellis*, 15 Conn. App. 416, 443–44, 546 A.2d 292, cert. denied, 209 Conn. 809, 548 A.2d 441 (1988); see also *United States* v. *Pavlico*, 961 F.2d 440, 443 (4th Cir. 1992). The other circumstance in which a claimed illegal sentence may be reviewed is that in which the sentence is within the relevant statutory limits, but was "imposed in a way which violates defendant's right . . . to be addressed personally at sentencing and to speak in mitigation of punishment . . . or his right to be sentenced by a judge relying on accurate information or considerations solely in the record, or his right that the government keep its plea agreement promises . . . ." (Internal quotation marks omitted.) *State* v. *McNellis*, supra, 444; see also *United States* v. *Guevremont*, 829

F.2d 423, 427 (3d Cir. 1987).[4] Both types of illegal sentence claims share the requirement that the sentencing proceeding, and not the trial leading to conviction, be the subject of the attack. Such has been the understanding of the federal courts since the matter first was discussed by the United States Supreme Court in *Hill* v. *United States*, supra, 368 U.S. 424, in which Justice Black, in dissent, recognized that extending rule 35 to

---

[4] The original language of rule 35 of the Federal Rules of Criminal Procedure, enacted in 1943, referred only to illegal sentences, not sentences imposed in an illegal manner. The United States Supreme Court interpreted that rule in *Hill* v. *United States*, supra, 368 U.S. 424, and foreclosed relief for claims of sentences imposed in an illegal manner. The rule then was amended in 1966 to provide that relief, at least for a specified period of time. Connecticut law can be understood to follow either the version of rule 35 as it existed between 1966 and 1984 or the position of the dissent in *Hill*, which stated: "I would have thought that a sentence imposed in an illegal manner—whether the amount or form of the punishment meted out constitutes an additional violation of law or not—would be recognized as an illegal sentence under any normal reading of the English Language. And precisely this sort of common-sense understanding of the language of Rule 35 has prevailed generally among the lower federal courts that deal with questions of the proper interpretation and application of these Rules as an everyday matter. Those courts have expressed their belief that, even where the punishment imposed upon a defendant is entirely within the limits prescribed for the crime of which he was convicted, a sentence imposed in a prohibited manner . . . is an illegal sentence subject to correction under Rule 35." (Internal quotation marks omitted.) Id., 432 (Black, J., dissenting).

Regardless of which, if either, of those sources gave rise to Connecticut's interpretation of an "illegal sentence," the cases interpreting rule 35 as it existed between 1966 and 1984, when the rule most closely corresponded to our current law, are instructive on the circumstances that would give rise to an illegal sentence or sentence imposed in an illegal manner under Connecticut law. All federal cases addressing the issue of whether a defendant can attack his underlying conviction through a claim of an illegal sentence have responded in the negative. See, e.g., *United States* v. *Lika*, 344 F.3d 150, 152–53 (2d Cir. 2003) ("[i]t is well established that a motion under Rule 35 can only be used to correct an illegal sentence, and not to correct trial errors or errors in other presentencing proceedings. . . . Rule 35 presupposes a valid conviction. . . . Sentences subject to correction as illegal . . . are those that the judgment of conviction did not authorize." [Citations omitted; internal quotation marks omitted.]); *United States* v. *Rourke*, 984 F.2d 1063, 1067 (10th Cir. 1992) ("[r]ule 35 (a) allows correction of a sentence and does not provide for an attack on the validity of the underlying conviction").

cover sentences imposed in an illegal manner "does not of course mean that Rule 35 permits attack upon a sentence based upon mere trial errors. Rule 35 applies to any 'illegal sentence,' *not to any illegal conviction*, and thus by its terms the Rule protects only those rights which a defendant retains even if the judgment of guilt against him is proper." (Emphasis added.) Id., 432 n.2 (Black, J., dissenting). This court adopted that same understanding of the common-law right to challenge an illegal sentence in *State* v. *Mollo*, 63 Conn. App. 487, 491, 776 A.2d 1176, cert. denied, 257 Conn. 904, 777 A.2d 194 (2001), in which this court recognized that "the relief allowed by Practice Book § 43-22 require[s], as a precondition, a valid conviction."

By this analysis, in no way am I suggesting that the defendant's conviction was valid, nor am I suggesting that it was invalid; rather, I do not believe that we need to reach the defendant's claim that he was convicted of the wrong crime, for his claim is an attack on the underlying conviction, on an improper jury instruction, and not an attack on the sentence he received or the manner in which the court imposed the sentence. Because the defendant's claim does not fall into the limited category of claims over which the court has continuing jurisdiction, I believe the court properly dismissed the defendant's motion for lack of subject matter jurisdiction. The claim the defendant raises could have been disposed of properly on direct appeal and, as the defendant recognized in his brief, could be raised properly in a petition for a writ of habeas corpus.[5]

[5] The majority cites *Cobham* v. *Commissioner*, 258 Conn. 30, 779 A.2d 80 (2001), as requiring the defendant to raise his claim of an illegal sentence prior to raising his claim in a petition for a writ of habeas corpus. The majority correctly states that *Cobham* requires a defendant to "file a motion in the trial court to correct an illegal sentence under Practice Book § 43-22" prior to challenging the legality of that sentence in a petition for a writ of habeas corpus. The defendant here, however, is not challenging the legality of his sentence, but rather the legality of his conviction and, therefore, *Cobham* and its requirements do not apply.

The essence of the defendant's claim is that he was convicted of the wrong crime. He does not claim, nor could he, that the sentence he received did not fit within the statutory limits of the crime of which he was convicted.[6] He does not claim that the crime of which he was convicted does not correspond to the charges against him in the information. The defendant also does not claim that he was denied due process at his sentencing hearing or that he is confused about the terms of his sentence. If the defendant's claim were to fall into any of those categories, Practice Book § 43-22 would be the proper vehicle for the defendant to bring his concerns before the court. Because the defendant's claim falls outside those narrow circumstances in which the court retains jurisdiction over a defendant once that defendant has been transferred into the custody of the commissioner of correction to begin serving his sentence, the claim cannot be considered pursuant to a motion to correct an illegal sentence under Practice Book § 43-22.

For those reasons, I respectfully dissent.

---

[6] The majority determines that this case presents a claim similar to that presented in State v. Barksdale, 79 Conn. App. 126, 829 A.2d 911 (2003), and bases its conclusion that the court has jurisdiction to hear this defendant's claim of an illegal sentence in part on that determination. As the majority noted, the statute, as it read prior to its amendment in 2002, was the legally operative statute in Barksdale and, pursuant to that statute, the defendant could be sentenced only to ten years incarceration. The court, however, had sentenced the defendant to twenty years, in excess of the statutory maximum. Barksdale, therefore, presented a case of a classic illegal sentence that exceeded the maximum sentence permitted by the statutory scheme and, unlike the sentence here, which the defendant concedes falls within the statutory limits for the crime of which he was convicted, could not be considered valid facially or in fact. See State v. McNellis, supra, 15 Conn. App. 443–44 ("[a]n illegal sentence is essentially one which . . . exceeds the relevant statutory maximum limits").