******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

APPENDIX

STATE OF CONNECTICUT *v.* RONALD RICKS*

Superior Court, Judicial District of Fairfield
File No. CR-97-135273

Memorandum filed February 20, 2018

*Proceedings*

Memorandum of decision on defendant's motion to correct illegal sentence. *Motion denied.*

*Ronald Ricks*, self-represented, the defendant.

*C. Robert Satti, Jr.*, supervisory assistant state's attorney, for the state.

*Opinion*

DEVLIN, J. In the present motion, the defendant, Ronald Ricks, asserts that the thirty year sentence that he is presently serving is illegal because it is contrary to the plea agreement that he entered with the state. A hearing on the motion was held on December 13, 2017. For the reasons set forth below, the motion is denied.

## BACKGROUND

On or about December 19, 1997, the defendant was arrested for felony murder and related charges arising out of his alleged participation in the December 12, 1997 robbery of a Bridgeport grocery store during which the proprietor was shot and killed. The two masked perpetrators took cash and a Smith and Wesson firearm from the store. Following his arrest, the defendant gave a statement to the police admitting his involvement and naming Timothy Griffin as the other person involved. The defendant identified Griffin as the shooter and claimed that, prior to the actual shooting, he had no knowledge that Griffin had a gun.

During the pendency of his case, the defendant was initially represented by Assistant Public Defender Jonathan J. Demirjian. Attorney Demirjian negotiated a plea agreement for the defendant, and on April 9, 1999, a change of plea hearing was conducted before the court, *Comerford, J.* At that hearing, the defendant entered an *Alford* plea[1] to felony murder. As stated by the prosecutor, the plea agreement was as follows: "The state's understanding here is that sentencing will be deferred until after the trial of Timothy Griffin. And, that if [the defendant] testifies truthfully based upon the state's attorney's understanding of what the truth is here, which is essentially what [the defendant] told the police in giving his statement back in December of 1997, that if [the defendant] does, in fact, do that, in a Griffin trial, if a trial is held, or if Mr. Griffin pleads guilty without ever going through a trial, in either instance, the state will recommend that [the defendant] receive a sentence of twenty-five years.

"If Mr.—if we do, in fact, go through a Griffin trial and [the defendant] refuses to testify truthfully or does not testify truthfully, then he will have pled guilty, the state will not recommend a twenty-five year sentence, we will ask the court to impose a substantial sentence, and the sentence will be up to the sentencing judge."

Both Attorney Demirjian and the defendant acknowledged that the above was their understanding of the plea agreement. Before accepting the plea, the court emphasized to the defendant that if he did not live up to his part of the agreement, the court would be free to impose a sentence in excess of twenty-five years. The defendant acknowledged that he had to live up to the agreement.

Sometime after the April 9, 1999 change of plea hearing, the defendant made a motion to withdraw his guilty plea.[2] On May 14, 1999, the Office of the Public Defender moved for the appointment of a special public defender to represent the defendant. The reason for the motion was stated as follows: "the defendant has asserted that counsel misled him into his entry of a guilty plea." At his 2004 habeas corpus trial, the defendant testified that he asked to withdraw his plea because he did not understand that he was supposed to testify against Griffin.

On April 15, 1999, Griffin waived trial and pleaded guilty to felony murder. On May 25, 1999, Attorney Jason Gladstone was appointed as a special public defender for the defendant, replacing Attorney Demirjian. Sometime after that, a hearing was held on the defendant's motion to withdraw his guilty plea.[3]

On June 18, 1999, the defendant withdrew his motion to withdraw his guilty plea. Judge Comerford, however, vacated the plea, and the defendant was again put to plea on felony murder. He again entered an *Alford* guilty plea, but this time the agreed sentence was thirty years. Judge Comerford accepted the plea and, on that same date, imposed the agreed thirty year sentence. Earlier in the day, Judge Comerford had sentenced Griffin to an agreed sentence of forty years.

### DISCUSSION

In the present motion, the defendant claims that he was legally entitled to receive the twenty-five year sentence that was initially agreed to by the state. He further claims that the subsequent thirty year sentence is illegal because it violates the initial plea agreement.

The general rule in Connecticut is that "[t]he jurisdiction of the sentencing court terminates when the sentence is put into effect, and that the court may no longer take any action affecting the sentence unless it has been expressly authorized to act." *State* v. *Tuszynski*, 23 Conn. App. 201, 206, 579 A.2d 1100 (1990). "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner . . . ." Practice Book § 43-22. Illegal sentences include those that are within the relevant statutory limits but imposed in a way that violates a defendant's right that the government keeps its plea bargain promises. *State* v. *Pagan*, 75 Conn. App. 423, 429, 816 A.2d 635, cert. denied, 265 Conn. 901, 829 A.2d 420 (2003).

Plea agreements are subject to ordinary contract law principles. *State* v. *Nelson*, 23 Conn. App. 215, 219, 579 A.2d 1104, cert. denied, 216 Conn. 826, 582 A.2d 205 (1990), cert. denied, 499 U.S. 922, 111 S. Ct. 1315, 113 L. Ed. 2d 248 (1991). The ultimate goal in construing any plea agreement where there is a dispute as to its terms is the real intent of the parties. Id.

In the present case, it was the defendant, and not the state, who violated the plea agreement. As noted above, at the change of plea hearing on April 9, 1999, the defendant acknowledged that, in order to obtain the agreed sentence of twenty-five years, he had to live up to his end of the plea agreement. Plainly, he did not do that. He sought to change attorneys and withdraw his guilty plea based on his assertion that he did not understand that his plea agreement required him to testify against Griffin.

The defendant's present assertion that Griffin's guilty plea eliminated the need for his testimony, thus making irrelevant his efforts to get out of the original plea agreement, misses the point. The state had bargained for his continued availability as a cooperating witness. By seeking to withdraw his plea and reneging on his promise to testify, the defendant breached his original plea agreement contract. He then made another contract for an agreed sentence of thirty years. This sentence is not illegal.

Motion denied.

* Affirmed. *State* v. *Ricks*, 194 Conn. App.      ,      A.3d      (2019).

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] This motion and the date of the court hearing on the motion are not presently in the court file. The documents in the file clearly show that the motion was filed and heard. It was most likely filed between April 9, 1999, and May 14, 1999. On May 14, 1999, a motion to appoint a special public defender was filed. A hearing on the motion to withdraw the plea occurred prior to June 18, 1999.

[3] Again, the file does not reflect when the motion was heard, but the hearing is referred to by Judge Comerford in his remarks at the June 18, 1999 hearing.

─────────────────────────