### STATE OF CONNECTICUT *v.* JOSHUA JACOBS
### (10002)

DUPONT, C. J., O'CONNELL and LANDAU, Js.

Argued October 5, 1992—decision released February 16, 1993

*Elizabeth M. Inkster,* assistant public defender, with whom, on the brief, were *G. Douglas Nash,* public defender, and *Kevin Randolph,* deputy assistant public defender, for the appellant (defendant).

*Harry Weller,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *John Waddock,* assistant state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from the judgment revoking his probation after a hearing before the trial court. The defendant claims that the trial court

improperly refused to apply the exclusionary rule to illegally seized evidence. We affirm the judgment of the trial court.

The following facts are relevant to the disposition of this appeal. While on probation for a conviction of possession of marihuana with intent to sell, the defendant reported a burglary of his residence to the police. While on the premises investigating the complaint, an officer of the Hamden police department observed a gun case in plain view. When questioned about the gun case, the defendant explained that it contained a pistol for which he had a permit.

Further police investigation disclosed that the permit had been revoked because of the marihuana conviction. As a result, the police obtained a warrant to search the defendant's residence and to seize the pistol. The warrant affidavit averred that the officers had probable cause to believe that the pistol was evidence of the defendant's participation in the commission of the offense of criminal possession of a pistol or revolver in violation of General Statutes § 53a-217.

While executing the search warrant for the pistol, an officer observed in plain view, two large plastic bags containing green plant-like material that, on the basis of her training and experience, she believed to be marihuana. Although the bags were in plain view, the officers did not seize them but, instead, obtained a second warrant authorizing the search and seizure of narcotics. The search authorized by this warrant yielded an extensive amount of marihuana and drug paraphernalia.

At the probation revocation hearing, the defendant moved to suppress everything seized pursuant to both search warrants. The trial court refused to hold an evidentiary hearing on the motion on the ground that the exclusionary rule does not apply to probation violation proceedings. At the conclusion of the revocation

hearing, the trial court ruled that the state had proven by reliable and probative evidence that the defendant had been in possession of marihuana, thereby violating the condition of his probation that he not "violate any criminal law of the United States, this state or any other state."

The defendant claims that (1) the exclusionary rules of the fourth amendment to the United States constitution and article first, § 7, of the Connecticut constitution[1] should have been applied to his probation revocation hearing because the police officers conducting the search and seizure knew or should have known that he was on probation, (2) the first search warrant failed to establish probable cause, and (3) the evidence used against him at the probation revocation hearing was illegally seized and should have been suppressed.

We begin by reiterating the well recognized principle that a probation revocation hearing is not a stage of a criminal prosecution. *Gagnon* v. *Scarpelli,* 411 U.S. 778, 782, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973); *State* v. *Wright,* 24 Conn. App. 575, 580, 590 A.2d 486 (1991). A probation revocation hearing is "not concerned with punishment or retribution." *State* v. *Smith,* 207 Conn. 152, 177, 540 A.2d 679 (1988). Probation violation matters are statutory procedures to which many substantive and procedural rules of criminal law do not apply. *Payne* v. *Robinson,* 207 Conn. 565, 571, 541 A.2d 504, cert. denied, 488 U.S. 898, 109 S. Ct. 242, 102 L. Ed. 2d 230 (1988) (inapplicability of the exclusionary rule);

---

[1] Apart from a single citation with no analysis, the defendant's brief makes no reference to state constitutional law in the context of this issue. Although there is a belated attempt to provide the missing analysis in his reply brief, we need not consider the defendant's claim under the state constitution. This court may, but need not, independently undertake to engage in such an analysis where the issue has not been briefed. *State* v. *Birch,* 219 Conn. 743, 746 n.4, 594 A.2d 972 (1991); *State* v. *Johnson,* 28 Conn. App. 708, 713, 613 A.2d 1344, cert. granted, 224 Conn. 911, 617 A.2d 168 (1992).

*State* v. *White,* 169 Conn. 223, 239–40, 363 A.2d 143, cert. denied, 423 U.S. 1025, 96 S. Ct. 469, 46 L. Ed. 2d 399 (1975) (relaxed hearsay evidence rule); *State* v. *Davis,* 29 Conn. App. 801, 808–809, 618 A.2d 557 (1993) (different standard of proof); *State* v. *Baxter,* 19 Conn. App. 304, 313, 563 A.2d 721 (1989) (conditional right to liberty).

The ultimate question in the probation process is "whether the probationer is still a 'good risk'. . . . This determination involves the consideration of the goals of probation, including whether the probationer's behavior is inimical to his own rehabilitation, as well as to the safety of the public." (Citations omitted.) *State* v. *Smith,* supra. "In such proceedings, the government has an interest in accurate factfinding that is likely to be impaired when otherwise reliable and relevant evidence is excluded from the proceeding." *Payne* v. *Robinson,* supra.

As a threshold question, we first determine whether the present case presents a situation in which the exclusionary rule might be applicable. The defendant claims that the first warrant was constitutionally defective because there was nothing in it to establish any cause to believe that the possession of the pistol constituted a crime or was evidence of criminal behavior. He reasons, therefore, that the marihuana seized in the second warrant, which became the basis of the probation revocation, should have been suppressed as the poisonous fruit of the first illegal search.

To constitute criminal possession of a pistol in violation of General Statutes § 53a-217, there must be a prior conviction of an offense enumerated in the statute. The defendant's prior conviction of possession of marihuana with intent to sell in violation of General Statutes § 21a-277 (b) is not one of those offenses. Therefore, the defendant was not precluded from pos-

sessing a pistol in his home without a permit. Because the first search warrant was sought and issued solely on the basis of the alleged criminal possession of a pistol, it is doubtful that the warrant was based on probable cause to believe that a crime was being committed. The police used this questionable warrant to gain access to the premises where they observed the marihuana that eventually became the basis of the defendant's probation revocation. These facts would have presented a justiciable suppression issue in a criminal prosecution but, as we have stated previously, a probation violation proceeding is not a criminal prosecution.

In *Payne* v. *Robinson,* supra, our Supreme Court held that the exclusionary rule of the fourth amendment generally does not apply to probation revocation proceedings. *Payne* suggested in dicta, however, that an exception *might* exist if the executing police officer "was aware or had reason to be aware of the suspect's probationary status." (Emphasis added.) Id., 573. For purposes of this analysis, we have assumed that the police were aware of the defendant's status as a probationer. The defendant argues that this case is controlled by the exception suggested in *Payne*. We do not agree.

*Payne* pointed out that the primary purpose of the exclusionary rule is not to remedy an injury to a person's privacy, but to deter future illegal police conduct. Id., 570. Therefore, "[a]pplication of the rule is thus appropriate in circumstances in which this purpose is likely to be furthered." Id. The *Payne* court determined that, in the circumstances before it, the potential injury to the probation revocation process was not outweighed by the potential benefits derived from excluding relevant evidence. Id., 571–72. Similarly, in the circumstances of this case, we are not persuaded that the application of the rule would advance the purpose of deterrence to an extent favoring the impairment of the government's interest in accurate factfinding.

The exclusionary rule's source of deterrence is its effect in rendering illegally obtained evidence inadmissible in a criminal trial. As a result, the possibility of evidence being excluded would normally be sufficient to deter police officers from conducting illegal searches and seizures. *Payne* held that in the context of a probation hearing, the deterrent effect is outweighed by the need for accurate factfinding based on reliable and probative evidence. *Payne* recognized, however, that a balancing of the interests *might* favor application of the exclusionary rule in cases where "the police officer might very well discount the fact that such evidence was inadmissible at a criminal trial, believing that incarceration of the probationer would instead be achieved through the revocation of the probation." Id., 573. The question at the core of this dicta is whether exclusion will "significantly affect a police officer's motivation in conducting a search." Id., 571.

Being mindful of the critical nature of this balance of interests, we cannot agree with the defendant that mere knowledge of probationary status necessarily triggers the exclusionary rule. As is evident in the present case, exclusion of evidence *solely* on that basis would not serve to significantly affect an officer's motivation in conducting a search because there first must be an improper motivation to deter. Exclusion would, however, deprive the court of reliable and relevant evidence, thus impermissibly skewing the balance of interests. Accordingly, to come within the *Payne* dicta, there must also be evidence that the police "discount[ed] the fact that such evidence was inadmissible at a criminal trial, believing that incarceration of the probationer would instead be achieved through the revocation of his probation." Id., 573.

In the present case, the record does not support a finding that the officers conducted such a pretextual search. We are therefore satisfied that the trial court

properly held that the dicta in *Payne* did not control the admissibility of the evidence. Rather, the *holding* of *Payne* that the exclusionary rule does not apply to probation revocation proceedings dictates the outcome of the case. The trial court properly refused to hold an evidentiary hearing on the defendant's motion to suppress.

Because our resolution of the first issue is dispositive of the appeal, we do not consider the merits of the remainder of the defendant's claims.

The judgment is affirmed.

In this opinion the other judges concurred.