## STATE OF CONNECTICUT *v.* DANIEL J. HENDERSON
### (AC 23674)

Dranginis, Bishop and Dupont, Js.

Argued February 13—officially released April 13, 2004

*Daniel J. Henderson*, pro se, the appellant (defendant).

*Nancy L. Chupak*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Michael A. Gailor*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Daniel J. Henderson, appeals from the trial court's denial of his motion to correct an illegal sentence. On appeal, the defendant claims that the court's conclusion that it had no authority to act on his motion was premised on its mischaracterization of the motion as a request for a sentence modification and that this misunderstanding deprived

him of an opportunity to be heard. We agree and reverse the judgment of the trial court and remand the case for further proceedings.

The following procedural history is relevant to our disposition of this appeal. After trial by jury, the defendant was convicted on two counts of larceny in the sixth degree and one count of forgery in the second degree. He then pleaded guilty to being a persistent larceny offender and to committing the charged offenses while free on pretrial release in connection with another unrelated criminal matter. On January 24, 1995, when the defendant failed to appear in court for his scheduled sentencing, the court committed him, in absentia, to the commissioner of correction for an effective period of fifteen years incarceration.

Following sentencing, the defendant appealed from his conviction unsuccessfully. Additionally, he filed a petition for sentence review that was denied. The defendant also filed two petitions for a writ of habeas corpus, alleging ineffective assistance of counsel. Both petitions were dismissed. Thereafter, on October 21, 2002, the defendant filed a motion to correct an illegal sentence pursuant to Practice Book § 43-22.[1]

In response, the court issued a memorandum of decision in which it stated: "[General Statutes] § 53a-39 allows the court to modify a definite sentence of three years or less after [a] hearing and [for] good cause. The sentence imposed in the case at bar exceeds the three year statutory period. The sentencing court is thereby foreclosed from further action. The petitioner may petition the sentence review division of the Superior Court for modification of the sentence imposed. This court

---

[1] Practice Book § 43-22 provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

is without authority to act. Accordingly, the defendant's motion is denied."

Clearly, the court understood the defendant's motion as one to modify a sentence. It is equally apparent that the court mistakenly declined to afford the defendant a hearing on his motion on the basis of its perception that it had no authority to act. Although the defendant's pro se motion to correct an illegal sentence is in part disjointed and rambling, a fair reading of the assertions set forth therein leads us inescapably to the view that through the motion, the defendant sought to bring to the court's attention the factual bases of a claim that his sentence had been imposed in an illegal manner.[2]

The judgment is reversed only as to the denial of the motion to correct an illegal sentence and the case is remanded for a hearing on the motion. The judgment is affirmed in all other respects.

---

[2] Our determination that the defendant is entitled to a hearing on his motion should not be understood as an endorsement of the substantive claims in his motion.