STATE OF CONNECTICUT *v.* DANIEL J. HENDERSON
(AC 25865)

Lavery, C. J., and DiPentima and Gruendel, Js.

62

Argued June 2, 2005—officially released January 10, 2006

*Daniel J. Henderson*, pro se, the appellant (defendant).

*Margaret Gaffney Radionovas*, senior assistant state's attorney, with whom, on the brief, were *Scott J. Murphy*, state's attorney, and *Michael A. Gailor*, assistant state's attorney, for the appellee (state).

*Opinion*

GRUENDEL, J. The pro se defendant, Daniel Henderson, appeals from the trial court's denial of his motion to correct an illegal sentence. On appeal, the defendant claims that the court improperly rejected his claims that (1) the ten year sentence enhancement pursuant to General Statutes § 53a-40b[1] was illegal as it was based on "uncounseled earlier charges," (2) the sentencing court had failed to articulate any reason for enhancing his sentence pursuant to § 53a-40b, (3) he was sentenced on the basis of inaccurate information, (4) the sentencing court should not have enhanced his sen-

---

[1] General Statutes § 53a-40b provides: "A person convicted of an offense committed while released pursuant to sections 54-63a to 54-63g, inclusive, or sections 54-64a to 54-64c, inclusive, other than a violation of section 53a-222, may be sentenced, in addition to the sentence prescribed for the offense to (1) a term of imprisonment of not more than ten years if the offense is a felony, or (2) a term of imprisonment of not more than one year if the offense is a misdemeanor."

tence by ten years pursuant to § 53a-40b because he could not be sentenced beyond the five year "relevant statutory maximum" for the forgery conviction, (5) the sentencing court should not have sentenced him in absentia, (6) § 53a-40b is unconstitutionally vague on its face and as applied to the particular facts of this case, (7) the reference to § 53a-40b in the information was legally insufficient because it did not include the elements of the statute in the language of the charge and (8) his sentence resulted from judicial vindictiveness. We affirm the judgment of the trial court.

The following facts, as set forth by the trial court in its memorandum of decision, are relevant to the defendant's appeal. "[The defendant] was arrested on three related and relevant occasions in 1993. The first of these arrests occurred in February, and the second occurred two months later in April. The specific charges for the first two arrests are not pertinent to these proceedings and, hereinafter, are referred to as his 'earlier charges.' In August, 1993, while released on bond for these 'earlier charges,' [the defendant] was arrested for the third time, and charged with one count of forgery in the second degree in violation of General Statutes § 53a-139, and two counts of larceny in the sixth degree in violation of General Statutes § 53a-125b . . . . The facts underlying these convictions, at their essence, involved the use of a forged money order in the amount of $250 for the purchase of a $170 meal and $80 in change at a restaurant . . . .

"In the first part of the information in this case, [the defendant] was charged with the forgery and larceny offenses committed in August, 1993. In October, 1994, he was charged in a separate, second part information. In the second part of the information, he was charged with committing these crimes while released on bond, as well as with being a persistent larceny offender, for several of his many, previous larceny convictions. . . .

"After a trial by jury where he was represented by counsel, [the defendant] was found guilty of the forgery and larceny charges against him contained in the first part of the information in this case. The day following his conviction on these charges, [the defendant] pleaded 'guilty' to the second part of the information, triggering the application of two sentence enhancement statutes: the first for being a persistent larceny offender under General Statutes § 53a-40 (e), and the second for committing these first part crimes of forgery and larceny while released on bond under . . . § 53a-40b. Upon accepting this plea agreement, and after a full and complete canvass by the [court, *Kocay, J.*], bond was set in the amount of $150,000, cash or surety. A presentence investigation . . . and report was ordered, and a sentencing hearing was scheduled for January 24, 1995, all of which was done in open court and in the presence of [the defendant]. . . .

"[The defendant] was released on bond after his conviction, but failed to appear for his sentencing by the court. At the sentencing hearing, his attorney represented to the court that she was in possession of a message from [the defendant], explaining his absence due to his recent admission to an in-patient drug treatment facility. The state alleged at the sentencing hearing that (1) [the defendant] failed to appear at three previously scheduled sentencing hearings, all involving one Danbury case, (2) he failed to appear for his [presentence investigation] interview and (3) he failed to appear recently for another case in Meriden. All of these failures to appear were alleged by the state to have occurred within the previous three weeks.

"Upon a finding that his absence from court was 'voluntary,' the trial court sentenced [the defendant], in absentia, to a total effective sentence of fifteen years to serve in the custody of the commissioner of correction. The particular elements of the sentence were as

follows: five years of incarceration on the charge of forgery in the second degree, and three months for one charge of larceny in the sixth degree, concurrently imposed. This sentence of five years was then 'enhanced' by the court for an additional ten years for [the defendant's] having committed the felony of forgery [in the second degree] while released on bond for the 'earlier charges.' "

Following sentencing, the defendant appealed from his conviction unsuccessfully. He also filed a petition for sentence review, which was denied, and two petitions for a writ of habeas corpus, alleging ineffective assistance of counsel. Both petitions were dismissed. On October 21, 2002, the defendant filed a motion to correct an illegal sentence pursuant to Practice Book § 43-22. Characterizing the defendant's motion as one to modify a sentence, the court denied it on the ground that the court lacked jurisdiction to modify the defendant's sentence because the sentence exceeded the three year maximum sentence that the court is allowed to modify under General Statutes § 53a-39. On appeal, we reversed the judgment in part, concluding that the court had improperly characterized the defendant's motion as one to modify a sentence, and remanded the case for a hearing on the defendant's motion to correct an illegal sentence. *State* v. *Henderson*, 82 Conn. App. 473, 475, 844 A.2d 922 (2004).

Shortly thereafter, the defendant filed another motion to correct an illegal sentence. After hearing argument, the court denied the defendant's motion and his subsequent motion for reargument. The defendant now appeals from the court's denial of his motion to correct an illegal sentence.

"We review claims that the court improperly denied the defendant's motion to correct an illegal sentence under an abuse of discretion standard. . . . The juris-

diction of the sentencing court terminates when the sentence is put into effect, and that court may no longer take any action affecting the sentence unless it has been expressly authorized to act." (Citation omitted; internal quotation marks omitted.) *State* v. *Pagan*, 75 Conn. App. 423, 429, 816 A.2d 635, cert. denied, 265 Conn. 901, 829 A.2d 420 (2003). The trial court has been provided with express authority to retain jurisdiction after a defendant's sentence has begun and may take action as to the sentence by way of Practice Book § 43-22. *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 37–38, 779 A.2d 80 (2001). Under that section, "[t]he judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner." Practice Book § 43-22. "An illegal sentence is essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory." (Internal quotation marks omitted.) *State* v. *Pagan*, supra, 429. A sentence imposed in an illegal manner is one "within the relevant statutory limits but . . . imposed in a way which violates [a] defendant's right . . . to be addressed personally at sentencing and to speak in mitigation of punishment . . . or his right to be sentenced by a judge relying on accurate information or considerations solely in the record, or his right that the government keep its plea agreement promises . . . ." (Internal quotation marks omitted.) *State* v. *McNellis*, 15 Conn. App. 416, 444, 546 A.2d 292, cert. denied, 209 Conn. 809, 548 A.2d 441 (1988).[2]

---

[2] In *State* v. *Francis*, 69 Conn. App. 378, 793 A.2d 1224, cert. denied, 260 Conn. 935, 802 A.2d 88, cert. denied, 537 U.S. 1056, 123 S. Ct. 630, 154 L. Ed. 2d 536 (2002), "the panel held that the trial court lacked jurisdiction to consider the defendant's claim under Practice Book § 43-22 where the motion to correct the illegal sentence did not attack the validity of the sentence as exceeding the maximum statutory limits, did not violate a mandatory minimum sentence, did not violate double jeopardy rights and was neither ambiguous nor internally contradictory. Id., 384. The holding in *Francis* is not

## I

The defendant argues that the court improperly rejected his claim that the ten year sentence enhancement pursuant to § 53a-40b was illegal, as it was based on "uncounseled earlier charges . . . ." We decline to review the defendant's claim.

In his motion to correct an illegal sentence, the defendant offered the following reason, among many others, for the court to conclude that the sentence was illegal: "Since [he] was indigent when the trial [c]ourt 'denied' appointment of counsel to defend against said [earlier] charges, and the same [earlier] charges were subsequently used to enhance his sentence, [that] makes [the defendant's] enhancement 'illegal.' " The court, in its memorandum of decision, addressed what it perceived to be the defendant's facial attack on § 53a-40b "for authorizing an unconstitutional enhancement of his sentence, based upon his statutory bond-release status, and thereby infringing upon his simultaneous, constitutional status of innocence." It concluded that "[s]uch challenges are not within the scope of [the] court's expressly authorized jurisdiction for a motion to vacate an illegal sentence." In his brief to this court, the defendant argues essentially that the court misinterpreted his claim. His claim, he argues, was not a facial attack on § 53a-40b, but rather was "a challenge to the sentencing court's jurisdiction to enhance [the defendant's] sentence based upon said 'uncounseled earlier charges' . . . ."

"It is well established that [i]t is the appellant's burden to provide an adequate record for review. . . . It is, therefore, the responsibility of the appellant to move for an articulation or rectification of the record where

consistent with *State* v. *McNellis*, supra, 15 Conn. App. 444. *McNellis* has not been overruled by an en banc panel of this court or by our Supreme Court." *State* v. *Pagan*, supra, 75 Conn. App. 430 n.9.

the trial court has failed to state the basis of a decision . . . to clarify the legal basis of a ruling . . . or to ask the trial judge to rule on an overlooked matter." (Internal quotation marks omitted.) *Champagne* v. *Champagne*, 85 Conn. App. 872, 879, 859 A.2d 942 (2004). Here, in its memorandum of decision, the court did not specifically address the defendant's claim that the ten year sentence enhancement pursuant to § 53a-40 was illegal because it was based on "uncounseled earlier charges . . . ." If the defendant believed that the court had overlooked that claim, then he could have filed a motion for articulation pursuant to Practice Book § 66-5. Because the defendant did not file such a motion, we lack the necessary factual and legal conclusions furnished by the trial court and therefore any decision made by us respecting the defendant's claim would be completely speculative. See *State* v. *Collic*, 55 Conn. App. 196, 209, 738 A.2d 1133 (1999); see also *Celentano* v. *Oaks Condominium Assn.*, 265 Conn. 579, 589 n.9, 830 A.2d 164 (2003) (claims neither addressed nor decided by trial court not properly before appellate tribunal). Accordingly, we decline to review the defendant's claim.

## II

The defendant argues that the court improperly rejected his claim that the sentencing court failed to articulate any reason for enhancing his sentence pursuant to § 53a-40b. We conclude that the court lacked jurisdiction to consider that claim.

In his motion to correct an illegal sentence, the defendant claimed that "[b]ecause the sentencing court failed to articulate any reasons for enhancing [the defendant's] sentence 200 [percent] above the statutory maximum, [the defendant] deems said enhancement 'illegal' . . . ." Addressing the issue of its jurisdiction to consider the defendant's claim, the court concluded that the

"jurisdictional authorizations concerning a defendant's right to 'be addressed personally,' 'to speak in mitigation of punishment' and to be 'sentenced by a judge relying upon accurate information,' all suggest that an articulation of a sentence may be the subject of review on a motion to correct an illegal sentence."[3]

As previously stated, "[t]he jurisdiction of the sentencing court terminates when the sentence is put into effect, and that court may no longer take any action affecting the sentence unless it has been expressly authorized to act." (Internal quotation marks omitted.) *State* v. *Pagan,* supra, 75 Conn. App. 429. The trial court has been provided with express authority to retain jurisdiction after a defendant's sentence has begun and may take action as to the sentence by way of Practice Book § 43-22; *Cobham* v. *Commissioner of Correction,* supra, 258 Conn. 37–38; which provides in relevant part that "[t]he judicial authority may at any time . . . correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner." Practice Book § 43-22. A sentence imposed in an illegal manner has been defined as being within the relevant statutory limits, but imposed in a manner that violates a defendant's right (1) to be addressed personally at sentencing and to speak in mitigation of punishment, (2) to be sentenced by a judge relying on accurate information or considerations solely in the record or (3) to have the government keep its plea agreement promises. *State* v. *McNellis,* supra, 15 Conn. App. 444. Here, the court

---

[3] After concluding that it did indeed possess jurisdiction to address that claim, the court rejected it, noting that the sentencing court had stated its reasons for ordering that the defendant be held without bond and that "[s]ince this statement immediately follow[ed] the sentencing, it can reasonably be assumed to reflect the court's reason for imposing the maximum enhancement penalty permitted by law, in addition to denying bond." According to the defendant, it was improper for the court to conclude that the sentencing court's justification for ordering that he be held without bond also constituted its justification for imposing the sentence enhancement.

interpreted that definition to mean that a court's failure to articulate the reasons for the imposition of a sentence "may be the subject of review on a motion to correct an illegal sentence." Because such a failure is not expressly listed in that definition, and because a court may not take any action affecting a sentence unless it has been expressly authorized to act; *State* v. *Pagan*, supra, 429; we conclude that the court lacked jurisdiction to consider the defendant's claim.

### III

The defendant argues that the court improperly rejected his claim that he was sentenced on the basis of inaccurate information. We disagree.

Following his conviction of larceny and forgery, the defendant admitted to committing the crimes while he was released on bond pending the "earlier charges," making him eligible for an enhanced sentence under § 53a-40b. The court ordered a presentence investigation report and then continued the case until January 24, 1995, for sentencing. Despite the defendant's failure to appear for his presentence investigation interview, the office of adult probation prepared a presentence investigation report, attached to which was another presentence investigation report, dated July 12, 1994, that was used for the defendant's prior sentencing proceedings.[4] The updated presentence investigation report listed approximately fifty charges and thirty convictions, but failed to mention the "earlier charges" for which the defendant was released on bond when he committed the forgery and larceny offenses in this case.

Before the trial court, the defendant claimed that he was sentenced on the basis of inaccurate information

---

[1] As the court noted in its memorandum of decision, "[i]n addition to the sentence of fifteen years imposed in this case, [the defendant] had previously been sentenced by the same trial judge to three years on charges of criminal mischief [in the first degree] and reckless endangerment [in the second degree]."

because "the updated [presentence investigation report] failed to accurately inform the court of the nature or disposition of the 'earlier charges' and, in particular, that he had not been convicted of those offenses." The court disagreed: "In this case, accurate information regarding the [earlier] charges was before the court through the second part of the information, and [the defendant] admitted the facts attendant to that information when he pleaded guilty and was canvassed by the [sentencing] court. In addition, whether he was convicted of these 'earlier charges' is irrelevant to the application of the terms of the enhancement statute [§ 53a-40b]. The relevant factual question is whether [the defendant] was released on bond when he committed the forgery and larceny offenses in this case. The record reflects this fact, and [the defendant] admitted this fact in his guilty plea. Therefore, the court finds that [the defendant's] claim of flawed and inaccurate information [is] unavailing."

We agree with the trial court that the defendant was not sentenced on the basis of inaccurate information. Even though the updated presentence investigation report failed to mention the "earlier charges," the court was informed of the charges by way of the second part of the information and the defendant's guilty plea in connection with that information. That the court did not obtain the information regarding the "earlier charges" from the presentence investigation report is irrelevant. "The primary value of a [presentence investigation report] stems from the information contained therein, not from the report itself. *Most of this information can be brought to the trial court's attention by either party by means other than a [presentence investigation report]*." (Emphasis added.) *State* v. *Patterson*, 236 Conn. 561, 574–75, 674 A.2d 416 (1996). Moreover, that the court was not informed of the ultimate disposition of the "earlier charges" also is irrelevant. "[T]he text

of § 53a-40b . . . does not refer expressly to a prior conviction as a predicate act that triggers an enhanced penalty. It focuses, instead, on the status of the defendant [as a person released on bond] at the time when the defendant committed a second crime." *State* v. *Sanko*, 62 Conn. App. 34, 43, 771 A.2d 149, cert. denied, 256 Conn. 905, 772 A.2d 599 (2001). Accordingly, we reject the defendant's claim.

## IV

The defendant claims that the court improperly rejected his claim that the sentencing court should not have enhanced his sentence by ten years pursuant to § 53a-40b because he could not be sentenced beyond the five year "relevant statutory maximum" for the forgery conviction. The defendant did not raise that claim in his motion to correct an illegal sentence, and the court, therefore, did not address it. "[B]ecause [appellate] review is limited to matters in the record, we will not address issues not decided by the trial court." *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 52, 717 A.2d 77 (1998). Accordingly, we decline to review the defendant's claim.

## V

The defendant argues that the court improperly rejected his claim that the sentencing court should not have sentenced him in absentia. We disagree.

Practice Book § 44-8 provides in relevant part that "[t]he defendant must be present at the trial and at the sentencing hearing, but, if the defendant will be represented by counsel at the trial or sentencing hearing, the judicial authority may . . . [d]irect that the trial or a part thereof or the sentencing hearing be conducted in the defendant's absence if the judicial

authority determines that the defendant waived the right to be present . . . ."

In its memorandum of decision, the court noted the following: "[The defendant] was released on bond after his conviction, but failed to appear for his sentencing by the court. At the sentencing hearing, his attorney represented to the court that she was in possession of a message from [the defendant], explaining his absence due to his recent admission to an in-patient drug treatment facility. The state alleged at the sentencing hearing that (1) [the defendant] failed to appear at three previously scheduled sentencing hearings, all involving one Danbury case, (2) he failed to appear for his [presentence investigation] interview and (3) he failed to appear recently for another case in Meriden. . . . Upon a finding that his absence from court was 'voluntary,' the trial court sentenced [the defendant], in absentia, to a total effective sentence of fifteen years to serve in the custody of the commissioner of correction." On the basis of those facts, the court concluded that, "although [the defendant] was afforded the right to be addressed personally at sentencing and to speak in mitigation of his punishment, he waived these rights by his voluntary failure to appear at his sentencing hearing." We find absolutely nothing in the record to suggest that the court abused its discretion in concluding that the defendant had waived those rights. Accordingly, we reject the defendant's claim.

VI

The defendant argues that the court improperly rejected his claim that § 53a-40b is unconstitutionally vague on its face and as applied to the particular facts of his case. The court concluded, and we agree, that it lacked jurisdiction to consider that claim. As already discussed, the trial court has been provided with express authority to retain jurisdiction after a defen-

dant's sentence has begun and may take action as to the sentence by way of Practice Book § 43-22; *Cobham* v. *Commissioner of Correction*, supra, 258 Conn. 37–38; which provides in relevant part that "[t]he judicial authority may at any time correct an illegal sentence . . . ." Practice Book § 43-22. "An illegal sentence is essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory." (Internal quotation marks omitted.) *State* v. *Pagan*, supra, 75 Conn. App. 429. As correctly noted by the court, "[t]o the extent that [the defendant] attacks § 53a-40 on its face, he challenges the constitutionality of the legislative enactment itself and not the action of the trial court in applying the proper law in the proper manner. . . . Such challenges are not within the scope of [the] court's expressly authorized jurisdiction for a motion to vacate an illegal sentence." Accordingly, we conclude that the court lacked jurisdiction to consider the defendant's claim.

## VII

The defendant argues that the court improperly rejected his claim that the reference to § 53a-40b in the second part of the information was legally insufficient because it did not include the elements of the statute in the language of the charge. Because that claim challenges neither the legality of his sentence nor the legality of the manner in which the court imposed his sentence, we conclude that the court lacked jurisdiction to consider it.

## VIII

The defendant claims that the court improperly rejected his claim that his sentence resulted from judicial vindictiveness. In support of his claim, the defendant points to a single comment made by Judge Kocay to the defendant's counsel after the defendant had pleaded

guilty to the second part of the information: "If there weren't pleas here, the bond would be three times what I told you." On the basis of that comment, the defendant concludes that "the record unequivocally reflects the sentencing court's vindictiveness . . . ." We disagree.

According to the court, there was nothing in the record to suggest "vindictiveness by the judge at the sentencing hearing." Rather, the court stated that "the record reflects that the court was presented with allegations showing that [the defendant] was a growing threat to society and that he was a persistent offender, even while out on bond and while on trial. The state indicated that [the defendant] had an 'unbroken line of criminal behavior from 1980 until the present . . . and criminal conduct similar to that committed in this case.' " On the basis of our review of the record, we are persuaded that the defendant's claim is utterly meritless.

The judgment is affirmed.

In this opinion the other judges concurred.