STATE OF CONNECTICUT *v.* JAVIER SANTOS
(AC 30668)

DiPentima, C. J., and Lavine and Flynn, Js.

Argued October 19, 2010—officially released January 4, 2011

*Javier Santos, Sr.*, pro se, the appellant (defendant).

*Susan C. Marks*, supervisory assistant state's attorney, with whom, on the brief, were *Scott J. Murphy*, state's attorney, and *Brian Preleski*, senior assistant state's attorney, for the appellee (state).

*Opinion*

DiPENTIMA, C. J. The defendant, Javier Santos, appeals from the judgment of the trial court denying his motion to correct an illegal sentence. On appeal, the defendant claims that the court erred in determining that (1) a new or supplemented presentence investigation report was not required when his probation was revoked pursuant to General Statutes § 53a-32 (d)[1] and (2) his sentence was not imposed in an illegal manner as a result of the court's failure to order, sua sponte, a new or supplemented presentence investigation report. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the defendant's appeal. On August 17, 1995, the defendant was convicted of robbery in the first degree. *State* v. *Santos*, 108 Conn. App. 250, 252, 947 A.2d 414 (2008). A presentence investigation report was completed, and the court sentenced the defendant to twelve years imprisonment, execution suspended after five years, and five years probation. On June 5, 2000, the defendant began his five year probation sentence. On

---

[1] As noted by the court, after the pleadings and prior to the court's decision, subsection (b) of § 53a-32 was redesignated subsection (d) by Public Acts 2008, No. 08-102, § 7. Hereafter, for convenience, we refer only to § 53a-32 (d).

April 12, 2005, approximately seven weeks before the expiration of his probation sentence, the defendant was arrested and charged with sexual assault in the first degree and sexual assault in the second degree. On May 25, 2005, a warrant for the defendant's arrest issued for violation of probation.

"The defendant's trial on the sexual assault charges and his hearing on the violation of probation were held simultaneously, with additional evidence being allowed on the violation of probation charge after the jury returned its verdict. The jury found the defendant not guilty of the sexual assault charges, using the criminal standard of proof of beyond a reasonable doubt." Id., 253. Pursuant to § 53a-32, however, the court found that the defendant had violated the conditions of his probation, revoked his probation and ordered him to serve six of the seven years of his unexecuted sentence. This court affirmed the trial court's violation of probation judgment. Id., 252. The sentence review division of the Superior Court denied the defendant's application to reduce his sentence.

On August 29, 2008, the defendant filed a motion to correct an illegal sentence with the court. On October 24, 2008, at a hearing on the motion, the defendant was allowed to amend his motion orally to include the claim that his sentence was imposed illegally because the court had neglected to order a new or supplemented presentence investigation report, pursuant to the requirements of Practice Book § 43-3 (a), prior to his sentencing for the violation of probation. On November 17, 2008, the court denied his motion.[2] This appeal followed.

---

[2] In pertinent part, the court ruled: "The defendant's reliance on the sentencing procedures of Practice Book § 43-3 is misplaced. A trial court revokes probation pursuant to General Statutes § 53a-32 [(d)] . . . .

"Neither . . . § 53a-32 [(d)] nor Practice Book § 43-29 mandates that a presentence investigation [report] be provided prior to the revocation of probation or authorizes a trial court to exercise its discretion in ordering a presentence investigation [report]. . . .

I

On appeal, the defendant first claims that Practice Book § 43-3 (a) requires a court to order a new or supplemented presentence investigation report prior to revoking probation pursuant to § 53a-32 and imposing any portion of the unexecuted original sentence. We disagree.

We begin by setting forth our standard of review. "[A] claim that the trial court improperly denied a defendant's motion to correct an illegal sentence is reviewed pursuant to the abuse of discretion standard." *State* v. *Tabone*, 279 Conn. 527, 534, 902 A.2d 1058 (2006). To the extent that he contends that the court was *required* to order a new or supplemented presentence investigation report pursuant to Practice Book § 43-3 (a), however, "the defendant's claim presents a question of statutory interpretation over which our review is plenary."[3] Id.

The defendant does not claim that he requested an updated presentence investigation report prior to the dispositional phase of his hearing, nor does he claim that the court erroneously denied such a request. Additionally, the defendant does not claim that § 53a-32 explicitly requires a court to order one.[4] Rather, the

"Our Supreme Court has decided that a defendant's right to due process at sentencing does not include a right to a [presentence investigation report]. . . .

"Information usually presented in a presentence investigation [report] was brought to the court's attention prior to the defendant's sentence imposition on the violation of probation." (Citations omitted; internal quotation marks omitted.)

[3] See *State* v. *Strickland*, 243 Conn. 339, 347, 703 A.2d 109 (1997) ("our Practice Book provisions are interpreted in accordance with the same principles that guide interpretation of our General Statutes").

[4] General Statutes § 53a-32 (d) provides in relevant part: "If [a] violation [of probation] is established, the court may . . . revoke the sentence of probation . . . [and] [i]f such sentence is revoked, the court shall require the defendant to serve the sentence imposed or impose any lesser sentence. Any such lesser sentence may include a term of imprisonment, all or a portion of which may be suspended entirely or after a period set by the

defendant argues that the court was required, sua sponte, to order a new or updated presentence investigation report in his case because "nothing in [§ 53a-32] allows or mandates an exception to [Practice Book] § 43-3 when sentencing a defendant under . . . § 53a-32." The defendant argues that because the court did not order a new or supplemented presentence investigation report, the sentence imposed was illegal. We disagree and conclude that Practice Book § 43-3 (a) had no application to the defendant's sentence issued pursuant to § 53a-32.

Practice Book § 43-3 (a) provides in relevant part: "If the defendant is convicted of a crime . . . the punishment for which may include imprisonment for more than one year, the judicial authority shall order a presentence investigation, or the supplementation of any existing presentence investigation report. . . ." Thus, the defendant's argument rests on the premise that, for purposes of Practice Book § 43-3 (a), he was "convicted of a crime" when found to be in violation of probation and thereafter sentenced to a portion of his unexecuted sentence pursuant to § 53a-32. This premise is without support in the law.

"We begin by reiterating the well recognized principle that a probation revocation hearing is not a stage of a criminal prosecution. . . . Probation violation matters are statutory procedures to which many substantive and procedural rules of criminal law do not apply." (Citations omitted.) *State* v. *Jacobs*, 30 Conn. App. 340, 342, 620 A.2d 198 (1993), aff'd, 229 Conn. 385, 641 A.2d 1351 (1994). "[A] probation revocation proceeding consists of two distinct stages. . . . The first phase is conducted to determine liability, and . . . [t]he second, or

court, followed by a period of probation with such conditions as the court may establish. No such revocation shall be ordered, except upon consideration of the whole record and unless such violation is established by the introduction of reliable and probative evidence . . . ."

disposition, phase occurs if a violation of probation is established in the first phase. . . . During the second phase, the court makes its disposition as authorized by § 53a-32." (Citations omitted.) *State* v. *Strickland,* 243 Conn. 339, 348, 703 A.2d 109 (1997).

"Revocation hearings are not concerned with punishment or retribution. . . . The element of 'punishment' in probation revocation of [the] defendant is attributable to *the crime for which he was originally convicted* and sentenced. Thus, any sentence [the] defendant had to serve as the result of the violation of [probation] was 'punishment' for the crime of which he had originally been convicted. Revocation is a continuing consequence of the original conviction from which probation was granted." (Citations omitted; emphasis added.) *State* v. *Smith,* 207 Conn. 152, 177–78, 540 A.2d 679 (1988); see also *State* v. *Carey,* 222 Conn. 299, 306, 610 A.2d 1147 (1992) ("the subject matter jurisdiction over a probation revocation proceeding derives from the original presentment of the information").

Accordingly, when the defendant was sentenced pursuant to § 53a-32, he had not been "convicted of a crime" for purposes of Practice Book § 43-3 (a). The court revoked the defendant's probation pursuant to § 53a-32 (d). Neither that statute nor the associated Practice Book § 43-29 requires a court to order a new or supplemented presentence investigation report prior to the revocation of probation. Thus, the court was not required to order a new or supplemented presentence investigation report.[5] See *State* v. *Strickland,* 42 Conn.

[5] In addition, Practice Book § 43-3 (a) effectuates the right codified in General Statutes § 54-91a. *State* v. *Olson,* 115 Conn. App. 806, 812–14, 973 A.2d 1284 (2009). Section 54-91a provides in relevant part: "No defendant convicted of a crime . . . the punishment for which may include imprisonment for more than one year, may be sentenced . . . until a written report of investigation by a probation officer has been presented to and considered by the court, if the defendant is so convicted *for the first time* in this state . . . ." (Emphasis added.) We note that under this statute, the defendant would not have a right to a new or updated presentence

App. 768, 785–86, 682 A.2d 521 (1996), rev'd on other grounds, 243 Conn. 339, 703 A.2d 109 (1997).

## II

The defendant also contends that he received an illegal sentence because, as a consequence of not having an updated presentence investigation report, the court relied on inaccurate information in sentencing him.[6] Specifically, the defendant argues that although he was allowed to speak in mitigation of his sentence, the court did not find him credible, and instead sentenced him relying on the outdated educational, employment and family histories that were presented in his original presentence investigation report, as well as the state's false allegation that he had been derelict in his child support obligations. The defendant contends that had an updated presentence investigation report been ordered, the court would have sentenced him to a term considerably less than the six year term that he received. We are not persuaded.

"We will reverse the court's denial of the [defendant's] motion to correct [an illegal] sentence only on a showing that the court abused its discretion. . . . Furthermore, in reviewing the [defendant's] claims, we do not question credibility determinations reached by the court, for the trial court is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.)

investigation report prior to sentencing for a second conviction within the state.

[6] As permitted by Practice Book § 43-22, the defendant filed a motion to correct an illegal sentence in which he asserted that his sentence was imposed in an illegal manner. "A sentence imposed in an illegal manner is one within the relevant statutory limits but . . . imposed in a way which violates [a] defendant's right . . . to be sentenced by a judge relying on accurate information or considerations solely in the record . . . ." (Internal quotation marks omitted.) *State* v. *Henderson*, 93 Conn. App. 61, 67, 888 A.2d 132, cert. denied, 277 Conn. 927, 895 A.2d 800 (2006).

*State* v. *Cazzetta*, 97 Conn. App. 56, 60, 903 A.2d 659 (2006).

"[I]f a sentence is within statutory limits it is not generally subject to modification by a reviewing court. . . . A sentencing judge has very broad discretion in imposing any sentence within the statutory limits . . . . The court may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information [it] may consider or the source from which it may come." (Citations omitted; internal quotation marks omitted.) *State* v. *Collette*, 199 Conn. 308, 320, 507 A.2d 99 (1986). A sentencing court, however, must rely on information possessed of "some minimal indicium of reliability . . . ." (Citation omitted; internal quotation marks omitted.) *State* v. *Ryerson*, 20 Conn. App. 572, 585, 570 A.2d 709, cert. denied, 214 Conn. 806, 573 A.2d 318 (1990). The court, therefore, is precluded "from relying on materially untrue or unreliable information in imposing a sentence." *State* v. *Parker*, 295 Conn. 825, 843, 992 A.2d 1103 (2010).

To establish that his sentence was imposed in an illegal manner, the defendant is "required to show that the information was materially false or unreliable and that the trial court relied substantially on the information in determining the sentence." *State* v. *Ryerson*, supra, 20 Conn. App. 585. "A sentencing court demonstrates actual reliance on misinformation when the court gives explicit attention to it, [bases] its sentence at least in part on it, or gives specific consideration to the information before imposing sentence." (Internal quotation marks omitted.) *State* v. *Parker*, supra, 295 Conn. 843 n.12.

The defendant has not carried his burden. The record shows that the defendant and his attorney both spoke in mitigation of the defendant's sentence. The defendant had the opportunity to explain his educational and

employment circumstances, and to address the state's contention that he was behind on his child support obligations. "The primary value of a [presentence investigation report] stems from the information contained therein, not from the report itself. Most of this information can be brought to the trial court's attention by either party by means other than a [presentence investigation report]." (Internal quotation marks omitted.) *Lorthe* v. *Commissioner of Correction*, 103 Conn. App. 662, 683 n.18, 931 A.2d 348, cert. denied, 284 Conn. 939, 937 A.2d 696 (2007). To the extent the defendant asks us to consider the propriety of the court's credibility determinations at the dispositional phase of his revocation of probation hearing, we decline to do so.

The record shows that in determining the defendant's sentence the court inquired into whether the goals of rehabilitation thought to be served by probation were being met by the defendant. The court gave specific consideration to the gravity of the defendant's initial conviction, the information in the defendant's original presentence investigation report, the nature and number of the defendant's probation violations and the defendant's employment history while on probation. The defendant has not identified, nor are we able to find in the record, any materially false information specifically considered by the court in determining the defendant's sentence.

The judgment is affirmed.

In this opinion the other judges concurred.