STATE OF CONNECTICUT *v.* WILLIAM CONNELLY
(AC 27988)

Robinson, Bear and Peters, Js.

Argued February 15—officially released June 14, 2011

*William Connelly*, pro se, the appellant (defendant).

*Harry Weller*, senior assistant state's attorney, with whom, on the brief, was *Scott J. Murphy*, state's attorney, for the appellee (state).

### Opinion

ROBINSON, J. The pro se defendant, William Connelly, appeals from the judgment of the trial court dismissing his motion to correct an illegal sentence. On appeal, the defendant claims that the court improperly concluded that it lacked subject matter jurisdiction to consider this motion. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the defendant's claim on appeal. In connection with a shooting and hostage incident that occurred on

November 10, 1989, the defendant was charged with two counts of kidnapping in the second degree in violation of General Statutes (Rev. to 1989) § 53a-94 and two counts of assault in the second degree in violation of General Statutes (Rev. to 1989) § 53a-60.[1] On April 20, 1990, in a trial to the court, *Dunn, J.*, the defendant was found not guilty of all charges by reason of lack of capacity due to mental disease or defect. On October 26, 1990, the trial court, *Holzberg, J.*, committed the defendant to the custody of the commissioner of mental health for a period of ten years. The defendant did not appeal his acquittal or his commitment.

In 1993, the defendant filed a petition for a writ of habeas corpus seeking to have the habeas court vacate the judgment of acquittal. On August 16, 1994, the habeas court, *Higgins, J.*, granted the petition, concluding that the record did not affirmatively establish that the trial court had advised the defendant of his right to a jury trial. The habeas court vacated the trial court's judgment of acquittal and issued a writ of habeas corpus.

In January, 1995, the defendant was retried on the charges stemming from the November 10, 1989 incident; namely, two counts of kidnapping in the second degree and two counts of assault in the second degree. On January 26, 1995, following a jury trial, the defendant was found guilty of all four charges. On March 3, 1995, the trial court, *Scheinblum, J.*, sentenced the defendant to a total effective sentence of forty years imprisonment. This court affirmed the judgment of conviction on direct appeal. *State* v. *Connelly*, 46 Conn. App. 486, 492, 513, 700 A.2d 694 (1997), cert. denied, 244 Conn.

---

[1] For a more detailed account of the facts underlying these charges, see *State* v. *Connelly*, 46 Conn. App. 486, 488–89, 700 A.2d 694 (1997), cert. denied, 244 Conn. 907, 908, 713 A.2d 829, cert. denied, 525 U.S. 907, 119 S. Ct. 245, 142 L. Ed. 2d 201 (1998).

907, 908, 713 A.2d 829, cert. denied, 525 U.S. 907, 119 S. Ct. 245, 142 L. Ed. 2d 201 (1998).[2]

On March 27, 2006, the defendant filed a pro se motion to correct an illegal sentence pursuant to Practice Book § 43-22.[3] Relying on *State* v. *McNellis*, 15 Conn. App. 416, 443, 546 A.2d 292, cert. denied, 209 Conn. 809, 548 A.2d 441 (1998), the defendant alleged that his sentence was illegal and that it had been imposed in an illegal manner. Specifically, the defendant claimed that his sentence was illegal because (1) the court had participated in five instances of plea bargaining prior to the guilty verdict and (2) his privilege against self-incrimination had been violated during the sentencing process. He also claimed that his sentence had been imposed in an illegal manner because (1) he was not allowed to speak in mitigation of a newspaper article considered by the court during sentencing, (2) the presentence investigation report contained inaccurate information

---

[2] Subsequent to his direct appeal, and prior to this appeal, the defendant filed two petitions for a writ of habeas corpus. In the first petition, the defendant claimed that the forty year sentence had been imposed in retaliation for his successful habeas challenge to his acquittal by reason of lack of capacity due to mental disease or defect. The habeas court, *Corrigan, J.*, dismissed the habeas petition, and our Supreme Court affirmed the dismissal in *Connelly* v. *Commissioner of Correction*, 258 Conn. 374, 780 A.2d 890 (2001).

In the second petition, the defendant claimed that the commissioner of correction improperly (1) refused to grant him credit toward his forty year sentence for the period of time that he was in the custody of the commissioner of mental health, (2) denied him good time credit and (3) refused to grant him presentence confinement credit. Id., 401. The habeas court, *Corrigan, J.*, agreed with all three of the defendant's claims and ordered the commissioner of correction to grant the defendant all of the time to which he claimed he was entitled. Id., 402. Our Supreme Court affirmed the judgment as to the first and second claims but reversed the judgment as to the third claim. Id., 412.

[3] Practice Book § 43-22 provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

and (3) the court did not rely on considerations solely in the record.

On May 16, 2006, the trial court, *Clifford, J.*, issued a memorandum of decision, in which it determined that it lacked jurisdiction to consider the motion. The court stated that "[t]he various claims made by the defendant do not allow for the relief he is seeking pursuant to Practice Book § 43-22. The majority of the claims have nothing to do with the limited authority of this court to correct a sentence. The only *claim* that would potentially trigger the jurisdiction of the court is the defendant's allegation that the sentencing court did not limit itself solely to considerations in the record. However, the defendant in this regard seems to merely disagree that the court should have relied on certain information submitted to the court at the sentencing, not that the court relied on information not in the record." (Emphasis in original.) The court thereafter dismissed the motion. This appeal followed.

On appeal, the defendant claims that the trial court improperly concluded that it lacked jurisdiction to consider the motion to correct. More specifically, the defendant argues that the trial court had jurisdiction to consider his claim that the sentencing court did not rely on considerations solely in the record when it imposed his sentence.[4] We disagree.

We begin our analysis by setting forth the legal principles and the standard of review that guide our resolution

---

[4] After carefully reviewing the defendant's brief, we conclude that he does not contest the trial court's determination that it lacked jurisdiction to consider the other allegations set forth in the motion to correct. To the extent that the defendant may have relied on his brief to contest the trial court's determination with respect to the remaining allegations, we conclude that the claims are inadequately briefed and, therefore, have been abandoned. See, e.g., *Taylor* v. *Mucci*, 288 Conn. 379, 383 n.4, 952 A.2d 776 (2008) ("[w]here a claim . . . receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned" [internal quotation marks omitted]).

of the defendant's claim. "It is axiomatic that, in a criminal case, the jurisdiction of the sentencing court terminates once a defendant's sentence has begun and a court may no longer take any action affecting a sentence unless it expressly has been authorized to act. . . . Providing such authorization to act, Practice Book § 43-22 states: The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner." (Internal quotation marks omitted.) *State* v. *Starks*, 121 Conn. App. 581, 585–86, 997 A.2d 546 (2010). "Thus, if the defendant cannot demonstrate that his motion to correct falls within the purview of [Practice Book] § 43-22, the court lacks jurisdiction to entertain it. . . . Our determination of whether a motion to correct falls within the scope of Practice Book § 43-22 is a question of law and, thus, our review is plenary." (Citation omitted; internal quotation marks omitted.) *State* v. *Osuch*, 124 Conn. App. 572, 578–79, 5 A.3d 976, cert. denied, 299 Conn. 918, 10 A.3d 1052 (2010).

As this court has long recognized, "[s]entences imposed in an illegal manner have been defined as being within the relevant statutory limits but . . . imposed in a way which violates [a] defendant's right . . . to be addressed personally at sentencing and to speak in mitigation of punishment . . . or his right to be sentenced by a judge relying on accurate information or considerations solely in the record, or his right that the government keep its plea agreement promises . . . ." (Internal quotation marks omitted.) *State* v. *McNellis*, supra, 15 Conn. App. 444; see *State* v. *Parker*, 295 Conn. 825, 839, 992 A.2d 1103 (2010); see also *State* v. *Henderson*, 93 Conn. App. 61, 66–67, 888 A.2d 132, cert. denied, 277 Conn. 927, 895 A.2d 800 (2006).

In the present case, the defendant claims that his sentence was imposed in an illegal manner because the

sentencing judge did not rely on considerations found solely in the record. The defendant's claim is based entirely on his contention that the sentencing judge considered certain information at sentencing, which had not been admitted into evidence during his criminal trial.[5] As this court has long recognized, however, "[t]he sentencing court has extremely broad discretion, and may consider information that was not admissible or *otherwise presented at trial* . . . ." (Emphasis added.) *State* v. *Gelormino*, 24 Conn. App. 563, 574, 590 A.2d 480, cert. denied, 219 Conn. 911, 593 A.2d 136 (1991); see *State* v. *DeJesus*, 10 Conn. App. 591, 600, 524 A.2d 1156 (1987) ("[i]t is a fundamental sentencing principle that a sentencing judge may appropriately conduct an inquiry broad in scope, and largely unlimited either as to the kind of information he may consider or the source from which it may come" [internal quotation marks omitted]). As the defendant has not alleged that the information relied on by the judge at sentencing was not properly admitted at the sentencing hearing, we conclude that the trial court properly concluded that it was without jurisdiction to consider the defendant's claim.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] The record indicates that prior to the criminal trial, the defendant filed a motion to preclude the state from introducing any psychiatric or psychological evidence during the criminal trial or at sentencing. The court granted the defendant's motion with respect to the criminal trial only, stating that it would not "allow [the] motion to hamstring the court" in other matters. During the sentencing hearing, a variety of psychological evidence was presented to the court by way of testimony and the presentence investigative report.